UTICA;
October, 1820.

FLEMING
v.
SLOCUM.

————⊃※⊂————

BOUGHTON *against* CARTER.

IN ERROR, on *certiorari*, to a Justice's Court.

*Carter* sued *Boughton* before the Justice, for obstructing the turnpike road and ditch, opposite to the land and garden of the plaintiff, so as to cause freshets, and the water to run upon, and wash his land and garden. The defendant, at the trial, admitted that he made the obstructions com-

Though a turnpike company have a lawful right to repair their road, so as to prevent the effects of rains or freshets, yet in the exercise of this right, they must take care not to injure the owners of the adjoining land. They have no right to turn the water which washes the road on to the land of a private person; and if a damage arises to the owner of the adjoining land, in consequence of their want of care and negligence, in this respect, he may have an action on the case, to recover the damages he has sustained.

UTICA,
October, 1820.

BOUGHTON
v.
CARTER.

plained of, and contended that he had legal right to do so, in order to make the necessary repairs to the road, and to prevent its being injured by the rain or freshets. The cause was tried by a jury. The plaintiff proved that the defendant had made a bar across the turnpike road, above the plaintiff's garden, and thereby obstructed one of the ditches, in such a manner, that it caused the water to flow in upon his garden, and washed away the soil, and injured the vegetables, &c. There was a contrariety of evidence as to the fact of the plaintiff having consented to have the bar so made across the road, and of a similar one having been made near the same place, in 1818, and as to the necessity and manner of its construction, as well as to the plaintiff's having forbidden the making of it. The jury found a verdict for the plaintiff, for eight dollars damages, on which the justice gave judgment.

*Per Curiam.* We ought not to disturb this verdict. It appears that the question before the jury was, whether the bar across the road had been properly constructed, and whether the damage done to the plaintiff's garden might not, with reasonable care and diligence, have been avoided. A turnpike company have a legal right to repair their road, in such a manner as to prevent the effect of rains or freshets; but in the exercise of this right, they are bound so to make the repairs, as not to injure the owner of the adjoining land. They have no authority to turn the water which washes the road upon the land belonging to private persons. They can guard against this injurious consequence, and it is their duty to do so. If they will not, however, take this reasonable care, and the property of individuals is damaged by their unskilfulness or negligence, they are responsible. The jury were the proper judges of the facts contested at the trial, and had all the means of coming to a right decision upon them, as the Court below was held in the immediate vicinity of the place where the injury complained of was done. We are of opinion, therefore, that the judgment given on the verdict, ought to be affirmed.

Judgment affirmed.