## HEATH v. HAND AND OTHERS.

Where a judgment is given by the principal debtor to his indorsers to secure the payment of the debt for which they are responsible, and they become insolvent, the creditor is entitled to the benefit of the security.

The judgment being given for a specific object, an assignee cannot hold it against the creditors who have a prior equity.

Where the sheriff had levied on perishable property, and the execution was stayed by injunction, the Chancellor allowed him to sell the property and pay the proceeds to the register, to abide the further order of the court.

January 20th.   IN October, 1826, the complainant, being possessed of a considerable real estate, gave the defendants, Hand and Kenyon, a judgment bond, in the penal sum of $10,000, conditioned to pay $5,000, on which a judgment was forthwith entered in the Supreme Court.  The object of that judgment was to secure them for advances and responsibilities which they had incurred, or might thereafter incur for the complainant.  Hand and Kenyon afterwards continued to make advances and to accept the drafts of the complainant until July, 1828, when Hand called on the complainant, in company with one of the creditors, who held drafts of the complainant, which had been accepted by Hand and Kenyon, and *stated that they had stopped payment, and were unable to meet the drafts, but would be

[*330]

able to pay them if complainant would give them a judgment to the extent of their claim, including the acceptances and responsibilities incurred by them on account of the complainant. Hand at the same time presented him with a statement from their books, from which it appeared that the whole amount claimed by them, including indorsements and acceptances, was $14,800, and agreed that if complainant would give them a judgment for the balance of that amount over and above the first judgment, they would be able to go on with their business; and that if, on investigation of the account, it should turn out that so much was not due, the errors should be corrected. A judgment was given accordingly, on a bond conditioned to pay $9,800 on demand with interest. Hand and Kenyon assigned this last judgment to the defendant Lightbody, to secure him for responsibilities which he had incurred for them. The amount of the indorsements and acceptances included in the judgment have not been paid by Hand and Kenyon, or any other person, but Lightbody has secured the payment of some part thereof. An execution having been issued on this judgment for the whole amount thereof, and levied on the complainant's property, he filed his bill and obtained an injunction. The defendants moved to dissolve the injunction on the bill and answer, or that the same might be modified so as to enable the sheriff to sell the personal property which was perishable.

*I. Hamilton* and *M. T. Reynolds*, for the defendants.

*J. L. Wendell*, for complainant.

THE CHANCELLOR:—It appears from the bill and answer in this cause, that the acceptances and responsibilities which Hand and Kenyon had not paid, were included in and intended to be secured by the judgment for $9,800. It is therefore immaterial whether there was any express agreement to pay them or not. To that extent the holders

of those drafts and notes accepted and indorsed by Hand and Kenyon have an equitable interest in the judgment, *Bank of Auburn* v. **Throop*, 18 John. 405,) which, being prior to the assignment to Lightbody, must prevail, except so far as he stands in the same situation with those creditors. The assignee of a judgment or other chose in action takes it subject to all the equities which existed against it in the hands of the original holders.

Hand and Kenyon being irresponsible, the complainant has a right to require that he be discharged from the payment of those drafts and notes before the proceeds of his property can be applied to any other purpose. The judgment being given to secure the payment of particular debts and responsibilities, Hand and Kenyon have no right to divert it to other purposes without the consent of the complainant. There is undoubtedly a considerable indebtedness from the complainant secured by this judgment, and it might be necessary, for the purpose of obtaining full security, to take out the execution and levy on his personal property, even before the acceptances and indorsements were paid. Under such circumstances it would be improper to let that property remain and perish in the hands of the sheriff. The injunction must therefore be modified, so far as to permit the sheriff to sell the personal property on the execution, and deposit the proceeds thereof with the register of this court, to abide the further order thereof.