The plaintiff's evidence was to the effect that about 12 May, 1925, he purchased form the defendant a new Studebaker automobile, paying *Page 686 
$1,450 for same, some $1,100 cash and a Hudson car. At the time of the sale defendant met plaintiff at the Borden Building, in Goldsboro, N.C. where the State issues certificates and defendant got the certificate for plaintiff. In the certificate there was no statement of a lien on the car that he purchased form defendant. Plaintiff sent the certificate to the State Department and it sent him a title to the car. Defendant gave plaintiff the information on which the certificate of title was issued to him, but concealed the fact that there was a chattel mortgage on the car. Plaintiff paid for the car and relied on the representation and conduct of defendant that it was free and clear of encumbrances. In fact, there was a recorded chattel mortgage against the automobile at the time in the sum of $900, which the defendant himself had on 16 February, 1925, given to the First National Bank of Mount Olive, N.C. which was duly recorded. The plaintiff had no actual knowledge of this mortgage until the fall of 1927, when the bank instituted claim and delivery proceedings for the automobile and forced the plaintiff to pay $400, being the balance then due on the chattel mortgage. At that time the defendant was totally insolvent and had gone into bankruptcy.
The issues submitted to the jury in the Superior Court and their answers thereto, were as follows:
"1. In what amount, if any, is the defendant, H. H. Brown, indebted to the plaintiff by reason of breach of warranty of title? Answer (by consent): $400 with interest from 1 February, 1928.
2. Was the plaintiff induced to purchase said automobile by false and fraudulent representations as alleged in the complaint? Answer: Yes."
Fraud can be practiced by a suppressio veri or suggestio falsi. "It is a rule of equity, as well as of law, that a suppressio veri is equivalent to a suggestio falsi; and where either the suppression of the truth or the suggestion of what is false can be proved, in a fact material to the contract, the party injured may have relief against the contract." 18 Johns., 405; Black's Law Dict., P. 1040; McNair v. Finance Co., 191 N.C. at p. 715. This is good law as well as good morals.
The court below charged clearly and fully the law of actionable fraud applicable to the facts in this case. We find
No error. *Page 687