PLAINTIFF'S APPEAL.
This action was brought to recover five thousand dollars, the amount of an insurance policy alleged to have been issued by the defendant on the life of Henry D. Teel. The defendant denied that the policy had ever been delivered to Henry D. Teel, and that it had ever become a binding contract between the parties. It averred in the answer that Teel, in his application, had made a false and material representation as to his habit of using opium or any of its preparations, with the fraudulent intent of procuring the policy to be issued to him, as he knew, at the time of making the statement, that it was false. Issues were submitted to the jury which, with the answers thereto, are as follows:
1. Did Henry Teel, in his application for the policy, represent that he did not then have and never had any habit of taking opium or any of its preparations or any narcotics? Answer: No.
2. Did Henry D. Teel, on the date of said application, have the habit of taking opium or any of its preparations or any (126) narcotics? Answer: No.
3. Was said representation a material inducement to the issuing of the policy by the defendant? Answer: No.
4. Did Henry D. Teel, on the 10th day of May, 1907, have the habit of taking opium or any of its preparations or any narcotics? Answer: No.
5. Was the delivery of the policy to Teel fraudulent? Answer: No.
6. Did the defendant company, either on the date of the issuing of said policy or the receipt of the note for the first premium, have any knowledge that H. D. Teel had the habit of taking opium or any of its preparations or any narcotics? Answer: No.
In the charge to the jury the court gave the following instruction: "You are instructed that the testimony in this case must be viewed most favorably for the plaintiff; and whenever you are in doubt or uncertainty *Page 104 
in respect to the evidence, the same must be solved in favor of the insured." The defendant excepted, and after the verdict was returned, moved for a new trial, upon the ground that the said instruction was erroneous. The court refused the motion and the defendant again excepted. The defendant then moved to set aside the verdict upon the third, fourth and fifth issues. The motion was granted and the case continued for trial upon those issues. The defendant reserved its exception to the refusal of the motion for a new trial. The plaintiff moved for judgment upon the remaining issues, that is, the first, second and sixth. This motion was denied. The plaintiff having excepted and appealed, the defendant also appealed.
If the plaintiff is otherwise entitled to judgment upon issues one, two and six, we think the court erred in giving the instruction to which exception was taken by defendant. As the plaintiff has appealed from the refusal of the court to render judgment in his favor, it becomes necessary to consider the defendant's appeal in connection with the plaintiff's, although the general rule is that a party can not appeal from an order refusing a new trial until there is judgment, but should (127) reserve his exception until the case is ripe for an appeal by him. The circumstances of this case, though, as we have said, make it necessary and desirable that both appeals should be heard, as we can not well pass upon the plaintiff's motion without first ascertaining if there has been a valid verdict upon which a judgment can be entered. If we should decide for the plaintiff and enter judgment, without considering the defendant's exception to the charge, we might afterwards decide that the defendant's exception was well taken, which would involve a new trial and thus produce confusion, as judgment would already have been rendered for the plaintiff.
The instruction of the court that the evidence should be viewed most favorably for the plaintiff, and if the jury are in doubt or uncertainty in respect to the evidence, they should solve the doubt in favor of the insured, was erroneous. Asbury v. R. R., 125 N.C. 568. There is no rule of law giving the plaintiff such an advantage over the defendant. We presume his Honor had in mind the rule which requires insurance policies to be construed favorably to the insured, when there is any ambiguity or doubt as to the true meaning of the words which are chosen by the insurance company to express the terms of the contract. Bank v. Insurance Co.,95 U.S. 673. When a motion to nonsuit is made, the testimony is construed most favorably to the plaintiff, but not so as to the evidence in the trial of issues before a jury. In this case the court correctly instructed the jury as to the burden of proof, but went too far in telling them to allow to the plaintiff a more favorable consideration of the evidence than to the defendant, and to resolve *Page 105 
any doubt in his favor. This entitles the defendant to a new trial upon the issues, and the plaintiff, consequently, is not entitled to judgment.
But there is another reason which sustains the refusal of the court to render judgment for the plaintiff. The defendant, in its answer, denies that the policy was ever delivered or that any contract of insurance was made, and that question should be settled by the submission of proper issues to the jury before there can be any judgment for the plaintiff.Bryant v. Insurance Co., 147 N.C. 181. If there was no contract of insurance either because the policy was not delivered or for any other reason, such fraud in its procurement, the indisputable clause (128) providing that the policy shall be absolutely incontestable from date, can be of no avail to the plaintiff. The indisputable clause is but one of the terms of the contract of insurance, and if there was no contract, there can, of course, be no such stipulation. We need not consider the clause with a view of determining its validity and effect, for the jury may find, under proper instructions, that there was no contract between the parties, and we are of the opinion there was evidence fit to be considered and tending to show that there was no such contract. The policy states that it is "based upon the payment of premiums in advance," and the witness Adams, one of the agents of the company, as partner of H. D. Teel, testified that, by the rules and regulations of the company, if a policy has not been delivered within sixty days, a new examination of the applicant by a physician is required; that the premium must be paid when the policy is delivered, and that a policy can not be delivered unless the applicant is then in good health. There was other evidence that the conditions, upon which the policy was to take effect, were not complied with. This case, as now presented, is not like Rayburn v. Casualty Co., 138 N.C. 379, nor is it like Kendrick v. Insurance Co., 124 N.C. 317, and Grier v. InsuranceCo., 132 N.C. 545, where the policies had been delivered. In those cases there was no dispute as to the fact of delivery and no suggestion of fraud, and in Grier's case there was a special provision in the application by which the contract was completed when the policy was issued. H. D. Teel was agent or local manager of the defendant at Tarboro, N.C. and is presumed to have known the rules and regulations relating to the delivery of policies. His position with respect to the company required that he should act in good faith (Sprinkle v. Insurance Co., 124 N.C. 405, 16 E. Enc., 2 Ed., 912), if it did not require that he should disclose to the company any material change in his physical condition, that is, such as he knew would "naturally influence the judgment of the company in making the contract at all or in estimating the degree or character of the risk, or in fixing the rate of premium." Bryantv. Insurance Co., 147 N.C. 181; Fishblate v. Fidelity (129) *Page 106 Co., 140 N.C. 589. At the time the policy is alleged to have been delivered, if there was any delivery, H. D. Teel was in a precarious condition of health and in his last illness, as he died a day or two afterwards.
If all the terms of the contract have been agreed upon with the intention that the contract shall take effect, the formal delivery of the policy by the insurer and its acceptance by the insured, are not essential to its validity, but if it is provided that the contract shall not become effective until there has been a delivery of the policy to the applicant, it will not be binding until delivery, either actual or constructive. 16 A. E. Enc. (2 Ed.), 855, and cases in note. "Whether an insurance policy has or has not been delivered after its issuance so as to complete the contract and give it binding effect, does not depend upon its manual possession by the assured, but rather upon the intention of the parties as manifested by their acts or agreement. As a general rule, whenever one parts with the custody and control of anything with the intention at the time that it shall pass into the possession of another, its delivery to such other person has, in contemplation of law, become complete. The manual possession of the thing which it is intended to deliver is a matter of little consequence. Such possession may exist without any legal delivery, and it may not exist where a legal delivery has been effected. The controlling question is not who has the actual possession of the policy, but who has the right of possession." So we held in Waters v. Annuity Co.,144 N.C. 669, that "a binding acceptance can be, and frequently is, indicated by the mailing of a letter in due course containing an unconditional acceptance, or by sending a policy to an agent with instructions for unconditional delivery, where there is no contravening stipulation in the contract itself." Assurance Co. v. McArthur,116 Ala. 659; Insurance Co. v. Babcock, 104 Ga. 67; 67 Am. St. 134. We also said in Waters' case, supra, that "where a policy which complies with the application has been unconditionally delivered, in the absence of fraud, it is held to be conclusive evidence that the contract (130) of insurance exists between the parties." We do not see why an insurance company may not stipulate in its agreement to insure, that its risk shall not begin until some definite time in the future, or until some specified act has been done. Insurance Co. v. Babcock, supra. There are peculiar facts and circumstances in this case which may have an important bearing upon the question as to the delivery of the policy or the completion of the contract.
It is considered by us, as necessary to a determination of the rights of the parties, that issues should be submitted to the jury, with proper instructions from the court, as to the consummation of the contract by *Page 107 
delivery of the policy or otherwise. We will not undertake to formulate the issues, as we could not well do so without anticipating what the course of the next trial will be.
No error.
DEFENDANT'S APPEAL.