KERR GRAIN AND HAY COMPANY v. MARION CASH FEED COMPANY.

(Filed 2 June, 1920.)

1. **Attachment—Statutes—Domestic Corporations—Appeal and Error—Findings.**

An attachment against the property of a domestic corporation, within the jurisdiction of the court, may be issued if none of its officers can be found in this State after due and dilligent search, Rev., sec. 957, when this fact exists at the time of its issuance, and the finding by the court thereof, on legal evidence, is conclusive on appeal.

2. **Vendor and Purchaser—Contracts—Breach—Evidence—Questions for Jury.**

The defendant alleged a counterclaim for damages for the unreasonable delay of the plaintiff in delivering merchandise under the contract sued on, and there was evidence tending to show that this delay was not unreasonable, and that it was caused by the failure of defendant to pay for other merchandise, shipped under the contract, as he was thereunder obligated to do. *Held*, judgment on the verdict in plaintiff's favor will not be disturbed.

3. **Vendor and Purchaser—Contracts—Compromise—Evidence—Damages.**

Where the verdict and purchaser have compromised their differences under their contract, and have agreed upon a new contract in its place, any custom as to shipping instructions relevant only under the original contract are irrelevant to the action of the vendor thereafter brought to recover the purchase money, and to a counter claim by the purchaser for damages for the alleged breach by the vendor.

4. **Instructions—Evidence—Peremptory—Verdict Directing.**

Where the parties to an action substantially differ as to the essential facts in controversy, but the evidence is practically one way in regard

to them, a charge of the court to the jury is proper, that if they found the facts to be as stated in the testimony of the witness, they should answer the issue as indicated in the charge, leaves the credibility of the witnesses to the jury, and is not objectionable as being peremptory or directing a verdict.

**5. Costs—Personal Expenses—Judgments.**

A successful litigant is not generally entitled to his personal expenses incurred in prosecuting his action.

CIVIL ACTION, tried before *Ray, J.*, and a jury, at January Term, 1920, of McDOWELL.

The action was brought to recover damages for a breach by defendant of contracts with plaintiff, by which the latter agreed to sell and deliver hay and beans to the defendant. The case was tried upon issues submitted by the court which the jury answered in favor of the plaintiff, assessing the damages at $2,255.87. There was evidence that, when the first contract was made, there was some delay in shipping out the hay, the excuse given by the plaintiff being that the defendant had not paid for the hay already received by him. The defendant was furnishing hay to the Government, and reported the failure of plaintiff to ship the hay to him promptly as the reason for his delay in shipping the hay under his contract with one of the departments, which then ordered the plaintiff to make the deliveries on pain of forfeiting its license. There was controversy between the parties, as to the matters of difference between them, until, on 15 November, 1918, a new contract was made, by which plaintiff agreed to ship immediately 35 cars of hay to the defendant; which was done, but the arrival of the last thirteen cars was somewhat delayed, and defendant refused to accept the same. The hay in the thirteen cars was afterwards sold and the proceeds of the sale credited on the amount then owing to the plaintiff. An attachment was issued at the request of plaintiff, who had brought this action to recover the debt which the defendant owed to him, and the warrant was levied on the hay, the allegation being that "defendant is a domestic corporation, none of whose officers can be found in this State after due and diligent search," that being one of the grounds upon which an attachment may be issued under Rev., 957. The judge found, upon evidence, all of the facts necessary to authorize the attachment in favor of the plaintiff, and among other findings, that there was no officer of the defendant to be found in this State after due and diligent search. The court entered judgment upon the verdict, and directed that the attached property be sold to pay the same. Defendant excepted and appealed.

*C. F. Gates and Pless, Winborne & Pless for plaintiff.*
*Councill & Yount and Morgan & Chambers for defendant.*

WALKER, J., after stating the case: It appears that the defendant was unable to pay for the goods, which it had bought from the plaintiff,. and this was really the cause of the controversy between the parties. There is very little else of merit in the case. If the defendant had been solvent, and had met its obligations with reasonable promptness there seemingly would have been no trouble and no reason for this litigation.

1. There was no sufficient reason shown for vacating the attachment which was issued properly upon the facts as found by the court. We are concluded by these findings. *Millhiser v. Balsley,* 106 N. C., 433. The case of *Barnhardt v. Brown,* 118 N. C., 701, has no application, as it relates to the service of summons on an officer, or agent, under laws of 1889, ch. 108. The facts upon which the ruling of the judge was based, were those existing at the time the attachment was issued, and they were the only facts that should have been considered by him. *Devries v. Summit,* 86 N. C., 126.

2. The exceptions, twelve in number, as to the custom requiring shipping instructions to be given within four days after demand by the shipper, has become immaterial, as the contract was changed, and a new one substituted by compromise and agreement of the parties. There is no material disagreement as to the facts. The delay in forwarding the hay and beans, as the evidence clearly shows, was not an unreasonable one in view of the situation and circumstances, and besides, it clearly appears that the alleged delay in shipping the hay and beans was not the real cause of the defendant's failure to settle with the plaintiff, but the lack of funds. Defendant had not paid the draft attached to the bills of lading, so as to take up the latter and present them to the carrier.

3. As there was substantial difference between the parties as to the essential facts, and, as the evidence was practically one way in regard to them, it was not error to instruct the jury that, if they found the facts to be as stated in the testimony of the witnesses, they should answer the issues as indicated in the charge. *Gaither v. Ferebee,* 60 N. C., 303; *Wetherington v. Williams,* 134 N. C., 276. The charge was not a peremptory one, and the verdict was not directed. The credibility of the witnesses was left to the jury.

4. But we think the item of expense amounting to ninety dollars should be eliminated, and it is so ordered, as there is no right, in law, to make such a charge against the defendant.

As thus modified the judgment is affirmed.

Modified and affirmed.