### 12771. RESERVE LOAN LIFE INSURANCE CO. *v.* PHILLIPS, adm'r.

STEPHENS, J. 1. "Actual delivery of the policy to the insured·is not essential to the validity of a contract of life insurance, unless expressly made so by the terms of the contract." *N. Y. Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 89 Am. St. Rep. 134); *Massachusetts Mutual Life Ins. Co.* v. *Boswell,* 20 *Ga. App.* 446 (93

S. E. 95). Contracts of life insurance being construed most strongly against the insurer, a provision in a policy which provides that the policy shall, not take effect unless the insured is alive and in good health " at the time of its delivery " to him will not be construed as providing for *actual* delivery of the policy to the insured.

2. The deposit by the insurer in the mails of a policy of life insurance directed to the local agent of the insurer for delivery to the insured, upon which the premium has been paid to and accepted by the insurer, amounts to an acceptance by the insurer of the application for insurance and a delivery of the policy to the insured, and therefore to the creation of a binding contract of insurance between the insurer and the insured. Where such policy provides that it shall not take effect unless the insured is alive and in good health at the time of its delivery, and does not provide for an actual delivery, the insurer's liability under the contract is not defeated when the insured was, at the time of the delivery of the policy to him by its deposit in the mails, alive and in good health, although the insured died the next day and before the policy was received by the local agent for the purpose of delivery. 14 R. C. L. 899; 25 Cyc. 718; 16 Am. & Eng. Ency. Law (2d ed.), 855; Joyce, Ins. (2d ed.), § 90 et seq.; Kilborn *v.* Ins. Co., 99 Minn. 176 (108 N. W. 861); 55 Oregon 280 (106 Pac. 323). The facts in the instant case are distinguishable from those in *Folds* v. *N. Y. Life Ins. Co.*, 27 *Ga. App.* 435 (108 S. E. 627).

3. The evidence authorized the verdict rendered for the plaintiff, and the trial judge did not err in overruling the defendant's motion for a new trial, based only upon the general grounds.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1922.

Action on insurance policy; from city court of Valdosta — Judge Cranford. July 30, 1921.

Certiorari was granted by the Supreme Court.

*A. T. Woodward, G. A. Deitch, F. G. West, O. M. Smith,* for plaintiff in error.

*Whitaker & Dukes,* contra.