WALKER and ADAMS, JJ., concurring; STACY, J., dissenting.
This was an action to recover the sum of $3,000 on account of the alleged wrongful and negligent failure of defendant's agent to make delivery of the policy of insurance issued by defendant to plaintiff in accordance with agreement between them. When the application was taken it was stpiluated [stipulated] that the premium would be paid on the delivery of the policy.
The application was received in the home office of defendant in Chattanooga, Tenn., on 7 June, 1921, and was duly approved and accepted, and on 15 June, 1921, the policy was issued and sent to Charles Buckner, the local agent at Mars Hill, N.C. for delivery to the plaintiff's intestate. The said Charles Buckner was soliciting agent for the defendant, and it was a part of his duty to deliver policies of insurance.
It is admitted that plaintiff's intestate was in good health at the time he made application for insurance, and the evidence is undenied that such good health continued for about 2 weeks after the policy was received by the agent for delivery; that plaintiff's intestate first became ill on 2 July, 1921, and developed typhoid fever, which caused his death on 14 July, 1921. He was a strong, healthy man, and in good health up to 1 July. He was engaged in hauling tan bark and hauled the last load on 3 July.
The agent took the policy to the home of the plaintiff's intestate on 6 July, 1921, and finding that plaintiff's intestate was sick at that time, did not leave the policy, but promised to return with it later in the day. A tender of the premium was then made, and the delivery of the policy demanded. At that time the agent said: "I ought to have delivered this policy some time ago. I have had this policy on hand something intestate after the policy was received for delivery, and that plaintiff's intestate after the policy was received for delivery, and that plaintiff's intestate told him that he had the money to pay the premium, and requested agent to make delivery of the policy, and that he neglected to make delivery because he waited for other policies, and for a Mr. Hyder, who was to make the trip with him. The agent and plaintiff's intestate lived at and a few miles from Mars Hill, respectively. *Page 129 
At the time the defendant sent the policy to its agent for delivery to the plaintiff's intestate, the policy was enclosed in an envelope on which was stamped, "You are now a policy holder in the VolunteerState Life Insurance Company at Chattanooga, Tenn." (123)
When the plaintiff rested his case the defendant moved for a nonsuit, which was allowed, and the plaintiff excepted and appealed.
The policy of insurance in this case was issued in favor of the executor or administrator, the application was signed by plaintiff's intestate, and the plaintiff, as his administrator, was the proper party to bring this action. C.S. 159.
This is not an action upon the policy itself, which was not delivered, but upon the wrongful act or negligence of the defendant company through its agent to deliver the policy in accordance with the agreement entered into with the intestate.
It is true that if it had been stipulated in the application for this policy that the insurance applied for should not take effect until 60 days thereafter, and then only upon the applicant's continued health, the insurance company would have incurred no liability had the applicant died during the 60-days period. The difference between that case and the present is that here the company made an agreement with the interstate, and the failure to comply with that agreement by the negligence of the defendant company through its agent was the cause, as the plaintiff alleges, of his failure to receive the policy, and the loss accruing therefrom is a liability incurred by the negligence of the defendant.
When the condition upon which the contract of insurance was to take effect never occurred, of course no insurance is effected; but when the negligence of the company to comply with the conditions specified in its contract for the delivery of the policy was the cause of the failure to deliver the same, the defendant company was liable for the loss sustained by the negligence of the agent of the defendant company. The defendant by such negligence breached the legal duty which it owed to the plaintiff's intestate, and for the damage sustained thereby an action in tort may be maintained.
The testimony is that the defendant adopted the custom in carrying on its business of accepting applications, and issuing applications therein for delivery by its agent, stipulating in the application that the premium should be paid on delivery of the policy, and that the policy would be in force and premiums collected therein as and from the date thereof. *Page 130 
The defendant, therefore, cannot escape liability when there is uncontradicted evidence that but for the unreasonable delay of its agent in making delivery of the policy to plaintiff's intestate, the policy would have been delivered while the plaintiff's intestate was in good health. The application for the policy was received at the home office (124) in Chattanooga on 7 June, 1921, was duly approved and accepted by the defendant, who on 15 June, sent the policy so dated to its local agent at Mars Hill, N.C. for delivery to the plaintiff's intestate.
It has been repeatedly held that an insurance company is chargeable with the negligence of its agent for failing for an unreasonable time to forward the application and medical report for acceptance or rejection. Duffey v.Life Assn., 160 Iowa 19; 46 L.R.A. (N.S.), 25. There is a full discussion and collection of the cases relating to unreasonable delay in acting upon applications for insurance in Bradley v. Federal Life Ins. Co., 15 L.R.A. 1021, and in the notes thereto. In this case there was no negligence by any unreasonable delay in forwarding the application, nor in acting upon it, but the application was accepted and the policy was issued and signed on 15 June, and promptly forwarded to the defendant's delivering agent in an envelope stating on the back that the applicant was "now a policy holder in the Volunteer State Life Insurance Company," the defendant in this action.
This policy, in the ordinary course of mail, should have come to the hands of the defendant's delivering agent on the next day, 16 June. He lived not far from the insured, who met him a few days after the receipt of the policy, and the agent told him that he had the policy for delivery. The assured told him he was ready to pay the premium, and asked the agent to make delivery, which the agent promised to do. The assured remained in good health until 2 July — 15 days thereafter, when he was stricken with typhoid fever, and the agent made no effort to deliver until 6 July, when he declined to deliver because at that time the assured had been taken ill. Had the policy, when placed in the mail on 15 June, been directed to the insured, this would have been a delivery in law. Lynch v. Johnson,171 N.C. 611. The fact that it was sent addressed to the defendant's agent made the agent a trustee for the delivery to the insured, and it was negligence on the part of the agent not to deliver it in reasonable time, and this negligence was the negligence of the company.
If the defendant's agent wrongfully failed to deliver the policy within a reasonably short time after its receipt, during which time the plaintiff's intestate was in good health and ready, able, and willing to pay the premium on delivery, as stipulated, and plaintiff's intestate having *Page 131 
thereafter become ill, the defendant could not withhold the delivery so as to release it from responsibility. Trust Co. v. Ins. Co., 173 N.C. 563.
The defendant had a form of receipt attached to its application for advance payment of premium, and it was stipulated therein that the insurance was effective from the date of the approval of the application from the defendant's medical director. The agent elected to waive the advance payment on the premium, and stated that (125) the premium was to be paid on delivery of the policy. The defendant accepted the application and issued its policy with knowledge of the waiver and stipulation. That is, it agreed that the insurance was to be effective from the date of the approval of the application by its medical director, but that the premium need not be paid until the policy was delivered.
In Paul v. Ins. Co., 183 N.C. 159, it was held: "The time limited by a contract of life insurance for the payment of premiums to avoid a forfeiture is for the benefit of the insurer (the company), which it may waive by its acts and conduct."
In Elam v. Realty Co., 182 N.C. 602, this Court said: "This action is not one against the insurance company in which plaintiff is seeking to hold it liable for an obligation not contained in the written policy, but plaintiff sues the agent broker for negligent failure to perform a duty he had undertaken and assumed as agent, by which plaintiff has suffered the loss complained of, and in our opinion the authorities cited are not opposite to the question presented on the record. It is further insisted for defendant that no cause of action is disclosed because there is no consideration given for defendant's promise, but the better considered decisions on this subject are to the effect that while the agent or broker in questions was not obligated to assume the duty of procuring the policy, when he did so the law imposed upon him the duty of performance in the exercise of ordinary care."
The liability of the agent for negligently failing to perform his duties is clear, and the defendant is also liable for the acts and omissions of its agent within the scope of his employment. The duty rests upon every man to so conduct his affairs whether by himself or his agent as not to injure another, and if he does not do so, and another is thereby injured, he shall answer for the damages. Inasmuch as he had made it possible for his employee to inflict the injury, it is but just that he should be held accountable. 21 R. C. L., pp. 844 to 846; Williams v. Lumber Co.,176 N.C. 180.
The soliciting agent of the defendant is made its agent and not the agent of the applicant. C.S. 6457. There are numerous decisions to the above effect. *Page 132 
The above authorities exactly apply to the case before us, and with the additional force that in this instance during the 15 days from the receipt of the policy to the time (2 July) during which the insured was in good health, he met the defendant's agent, who told him he had the policy for delivery and would deliver the same, and the assured told him that he was ready and able to make the payment and asked for the delivery, and there is the additional fact in this case that the policy stated on its face that it was in effect from its date, from which (126) time forward payments of premiums were to be counted, and the defendant was aware of the agreement that the company waived payment of the advance premium until its agent should make delivery.
Whether a policy is for life insurance or for fire insurance, the party making the application is entitled to have the security he asks for, and when his application has been accepted, as here, upon an agreement that the policy shall be valid from such acceptance, the insured should not be deprived of the benefit of the policy by the negligence of the company's agent in making delivery.
In Duffey v. Life Ins. Co. (Iowa), 46 L.R.A. (N.S.), 25, it is held: "An insurance company is chargeable with the negligence of its agent in failing for an unreasonable time to forward application and medical report for acceptance."
It is held that the insurance company is liable for negligent delay in passing upon or issuing a policy until a loss. Boyer v. Ins. Co., 40 L.R.A. (N.S.) 164; and for unreasonable delay in passing upon an application. Ins. Co. v. Neafus, 36 L.R.A. (N.S.) 1211.
This case is much stronger, for here the application was accepted, the policy was issued, and was sent to the defendant's agent for delivery. He gave notice of its possession to the assured, who asked for its delivery and offered to pay the premium, and the failure to deliver was caused by the unreasonable delay of the agent, who should have delivered it, or, at least, the jury should have been permitted to find as a fact upon the evidence whether the delay was unreasonable or not.
In the very recent case of Ins. Co. v. Phillips, 113 S.E. 815, in which the opinion was filed 26 September, 1922, the Court of Appeals of Georgia held: "The deposit by the insurer in the mails of a policy of life insurance, addressed to the local agent of the insurer for delivery to the insured, upon which the premium has been paid and accepted by the insurer, amounts to its acceptance of the application and the delivery of the policy to the insured, and is a binding contract of insurance, and this is not defeated by the death of the insured before delivery of the policy, when at the time of the deposit of the policy in the mails he was *Page 133 
alive and in good health, although he died before it was actually received by the local agent for delivery," citing 14 R. C. L. 899; 25 Cyc. 718; 16 A. E. (2 ed.) 855; Joyce on Insurance (2 ed.), sec. 90; Kilborne v.Ins. Co., 99 Minn. 176;Francis v. Ins. Co., 55 Oregon 280. To same purport, Hoke, J., in Waters v. Annuity Co., 144 N.C. 663.
The judgment of nonsuit should be set aside, and it must be submitted to the jury to pass upon the question whether upon the evidence there was unreasonable delay on the part of the defendant's agent in the delivery of this policy to the assured.
Reversed.