W. M. STURGILL v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 31 January, 1928.)

1. **Insurance, Life—Contract in General—Nature, Requisites, and Validity.**

    A stipulation in a policy of life insurance that it will not be valid until its delivery and the first premium paid, is valid and enforceable.

2. **Insurance, Life—Agent of Insurer—When His Acts Create Liability of Insurer—Principal and Agent—Negligence.**

    When the local agent of an insurance company has notified the applicant for a life insurance policy that the policy was ready for delivery, which, under its terms, was to be effective from its delivery and payment of the first premium, and is informed, in reply, that he would not be able to pay the premium until a certain date, and thereafter he was killed in an accident covered by the policy, without having either paid the premium or arranged with the insurer therefor or accepted the policy; and there is no evidence that the agent had been negligent in delivering the policy: *Held*, a judgment in plaintiff's favor in the beneficiary's action on the policy will be reversed on appeal.

CIVIL ACTION, before *Moore, J.,* at Spring Term, 1927, of WATAUGA.

On 2 October, 1925, Roosevelt Sturgill made application to the defendant company for a policy of life insurance. There was evidence that the application was signed about 6 October, 1925. At the time of making the application Sturgill was employed by the State Highway Commission and was working under the supervision of H. M. Tharington, who was his foreman. Tharington and Sturgill were living in Burlington. Thereafter, on 19 October, a policy of insurance was issued by the defendant and delivered to its agent, J. R. Hawkins, at Burlington, N. C. The application for said insurance contained, among others, the following stipulation: "That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime," etc. Said policy of insurance was written for the face amount of $1,000, and provided double indemnity in the event of the death of the insured from accidental cause. The beneficiary named in the policy was William Sturgill, plaintiff in this case. When the agent received the policy on 19 October he went to the boarding place of Sturgill in

Burlington, in order to deliver the policy, and was informed that the applicant had moved or been transferred to Winston-Salem. Thereupon, on the next day, to wit, 20 October, 1925, the agent wrote to H. M. Tharington at Winston-Salem, N. C., the following letter: "The policies that you and Mr. Sturgill applied for have arrived, and were issued as applied for. I found out from the lady at your boarding house that you had left Monday morning for Salem, and I secured your address so I could notify you of the policies being issued. Shall I hold the policies until you come back? If so, give me an idea of how long you will be gone. If necessary, we might take care of it through the bank, if you are delayed in Salem. Let me know as to your decision on this matter." Tharington, who had also applied for a policy from said agent contemporaneously with Sturgill, replied to said letter on 26 October, 1925, as follows: "J. R. Hawkins, Burlington, N. C. Dear Mr. Hawkins: Did not get your letter until today. As I said at first, I will take $1,000. The $3,000 is a little more than I want. I don't know how long I will be here. If you can cut the policy down to $1,000, and send me the amount due, I will send check about the first of the month. Mr. Sturgill says he will take his up about the first also. If you can make the above change, please let me know at once the amount due for the first half. Very truly, H. M. Tharington."

Tharington, witness for plaintiff, testified that when he wrote the letter of 26 October, 1925, to the agent Hawkins, that Sturgill was present and knew that the letter was being written and that Sturgill saw the letter of 20 October, written by Hawkins; that both he and Sturgill were expecting to get their pay about the first of the month. On 3 November, 1925, Sturgill was killed in an automobile accident. Tharington was driving the car when Sturgill was killed. At the time of his death Sturgill had not received his pay from the Highway Commission. On 2 November, the day preceding the death of Sturgill, Hawkins went to the postoffice in Burlington for the purpose of sending the policies to Tharington and Sturgill C. O. D., but was informed by the postoffice authorities that the policies could not be transmitted that way, and he thereupon took the policies back to his office. On 4 November the agent saw an account of the death of Sturgill in the newspapers and returned Sturgill's policy to the branch office of the defendant at Charlotte. Thereafter the agent Hawkins sent the Tharington policy to Winston-Salem and Tharington acknowledged receipt of it on 6 November, 1925, and paid the premium to Hawkins on 9 November, 1925.

The plaintiff instituted this action against the defendant, alleging in substance that Hawkins, the agent of the defendant, carelessly and negligently failed and neglected to deliver said policy to Sturgill, and that by reason of the carelessness and negligence of the agent he had suffered

damage in the sum of $2,000, which was the amount due under the policy in the event of accidental death.

The issues and answers of the jury thereto are as follows: 1. Did Roosevelt Sturgill make application to the defendant for a life policy, and did the defendant accept the same and issue a policy on said application and deliver the same to its agent at Burlington, N. C.? A. Yes. 2. Did defendant's agent negligently and carelessly fail to deliver the said policy to the said Roosevelt Sturgill? A. Yes. 3. What amount, if anything, is the plaintiff entitled to recover? A. $2,000.

From judgment upon the verdict the defendant appealed.

*Trivette & Comer and R. G. Bingham for plaintiff.*
*F. A. Linney and Cansler & Cansler for defendant.*

BROGDEN, J. At the outset it is to be observed that the application for the insurance policy provided "that the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime," etc.

In *Powell v. Insurance Co.*, 153 N. C., 124, *Walker, J.,* speaking for the Court, said: "We do not see why an insurance company may not stipulate in its agreement to insure, that its risk shall not begin until some definite time in the future, or until some specified act has been done."

Again in *Turlington v. Ins. Co.*, 193 N. C., 481, *Connor, J.,* said: "It is expressly stipulated in the application therefor "that the company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the applicant." This is a valid stipulation; plaintiffs, having failed to show by the evidence that the policy sued on was issued and delivered during the lifetime of Richard C. Turlington, cannot recover thereon."

The plaintiff, however, insists that this cause of action is not based upon the contract, but upon tort growing out of the negligence of the agent of the defendant in failing promptly to deliver said policy during the lifetime and good health of the applicant. Plaintiff insists further that this case comes within the principle declared by this Court in *Fox v. Ins. Co.*, 185 N. C., 121. The defendant insists that the *Fox case* is contrary to the overwhelming weight of authority, and that it ought to be overruled.

The *Fox case* was the subject of sharp debate, as will appear by the various opinions filed in the cause. The governing principle in the case

STURGILL *v.* INSURANCE CO.

is thus declared in the main opinion of the Court: "If the defendant's agent wilfully failed to deliver the policy within a reasonably short time after its receipt, during which time the plaintiff's intestate was in good health and ready, able, and willing to pay the premium on delivery, as stipulated, and plaintiff's intestate having thereafter become ill, the defendant could not withhold the delivery so as to release it from responsibility." The concurring opinion of *Adams, J.,* rests upon the following declaration: "I am convinced that a new trial should be granted, and the jury permitted to find from the evidence whether the intestate, while in good health, requested the agent to deliver the policy, and whether he was ready, able, and willing at that time to pay the premium; and, if so, whether the agent, carelessly disregarding the applicant's rights, failed to deliver the policy within a reasonable time thereafter."

These two ideas expressed in the main and concurring opinions are not identical, because in the main opinion the duty was imposed upon the agent "to deliver the policy within a reasonably short time after its receipt"; while in the concurring opinion the duty was imposed upon the agent to deliver the policy within a reasonable time after the request of such delivery by the applicant.

But it is unnecessary for us to determine whether the *Fox case* was correctly decided or not, because the facts in the present case preclude the application of the rule of liability announced by the Court therein. Immediately upon receipt of the policy the agent undertook to deliver it to Sturgill. He went to Sturgill's boarding house and found that he had been transferred to Winston-Salem. On the very next day he wrote Sturgill's foreman, for whom he also had a policy of the same kind, advising him of the receipt of the policies and requesting instructions. This letter was shown to Sturgill, and thereupon on 26 October the agent was advised that Sturgill, as a matter of fact, was not ready for the delivery of his policy at that time, but that he would be ready to take the policy and pay the premium about the first of the month. This instruction from Sturgill was clearly equivalent to a declaration to the agent that he was then not ready, able, and willing to pay the first premium, and would not be ready to comply with the terms of the contract until after the first of the month. Sturgill was killed before any advice was given to the agent of the defendant that he was ready to take the policy and pay the premium; indeed, Tharington testified that at the time of Sturgill's death they had not received their pay.

Under these facts and circumstances we are of the opinion that the plaintiff is not entitled to recover, and that the motion for nonsuit, duly made by the defendant, should have been allowed.

Reversed.