ROCKY MOUNT SAVINGS AND TRUST COMPANY AND MRS. ANABEL ROSS, ADMINISTRATORS OF T. N. ROSS, DECEASED, v. THE ÆTNA LIFE INSURANCE COMPANY.

(Filed 28 October, 1931.)

1. **Insurance E d—Insurer must act on application for reinstatement within reasonable time.**

   There is a material difference between an application for a policy of life insurance and an application for the reinstatement of a policy which has lapsed for nonpayment of premiums, the terms of the policy for reinstatement being in the nature of an agreement to revive the original policy after forfeiture upon certain conditions, and the insurer may not act upon an application for reinstatement arbitrarily or disregard it by failure to act thereon within a reasonable time.

2. **Same—Evidence failed to show that insurer did not act on application for reinstatement within reasonable time.**

   Although the insurer must act upon an application for reinstatement of a policy of life insurance within a reasonable time, where all the evidence tends to show that the insurer, upon receipt of the application, acted with the diligence required, and that the insured came to his last

illness before a conclusion could thus be reached, an instruction that the jury should return a verdict for the insurer if they found the facts to be as testified by all the witnesses is not error.

**3. Trial D b—Instruction to answer issue in the negative if the facts are found to be as testified by the witnesses is not a directed verdict.**

An instruction for the jury to answer the issue in the negative if they should find the facts to be as testified by all the witnesses is not a peremptory charge, and the verdict thus returned is not directed, the credibility of the evidence being passed upon by the jury.

CLARKSON, J., dissents.

CIVIL ACTION, before *Harris, J.,* at February Term, 1931, of NASH.

This cause was heard on a former appeal, reported in 199 N. C., p. 465, 154 S. E., 743, where the facts are set out.

The cause came on for another hearing upon the opinion of the court upon the following issue: "Did the defendant, Ætna Life Insurance Company, fail to act within a reasonable time under all the facts and circumstances surrounding the parties when the application for reinstatement was filed, and thereby waive the forfeiture of policy No. 515135?" The jury answered the issue "Yes."

It is to be noted that at the former trial the defendant offered no evidence explaining the delay of sixty-two days. Evidence was offered by both parties at the trial now under consideration, and certain additional facts are necessary to an understanding of the principles of law involved. The deceased failed to pay in full the premium due 1 July, 1927. On 7 November, 1927, Upshaw, general agent of defendant, wrote to the insured, calling his attention to the fact that he had a right to submit a request for reinstatement of his policy, and stating: "If you are not prepared to pay the full amount of premium of $26.72, we will be glad to accept a partial payment of $10.00 and extend the balance of the premium if you will sign enclosed extension note partially filled out." On 8 November, the insured signed an application for reinstatement to the effect that he was in good health so far as he knew, signed the extension agreement and drew a check payable to defendant for $10.00, and left all of these papers with Bartholomew, local agent of the defendant. On 10 November, Upshaw, the general agent, acknowledged receipt of the check and other papers. Upshaw, the general agent, then forwarded the application for reinstatement to the home office in Hartford, Connecticut, and it was received there on 18 November. On 21 November, the home office referred the application for reinstatement to the medical department. The medical department required further physical examination. On 22 November, the home office notified Upshaw, general agent at Raleigh, that a complete medical examination of the

insured was necessary before passing upon the application for reinstatement. On 26 November, Upshaw wrote to Bartholomew, local agent with whom the insured had left the original papers, and requested the local agent to notify the insured that a complete medical examination was necessary. Receiving no response to his letter, Upshaw again wrote Bartholomew, the local agent, on 21 December, inquiring when the medical examination of the insured would be available. In reply to his letter Bartholomew, the local agent, advised Upshaw that the insured was sick in bed. On 24 December, Upshaw advised the home office of defendant that the insured was sick. The insured died on 27 December, 1927.

The defendant tendered certain special instructions as follows:

(a) If you believe the defendant's evidence, you will answer the issue, "No."

(b) If you find the facts to be as testified to by defendant's witnesses, you will answer the issue, "No."

The court refused to give the instructions, and the defendant excepted.

From judgment upon the verdict, the defendant appealed.

*Vaughan & Yarborough and Cooley & Bone for plaintiff.*
*Murray Allen for defendant.*

BROGDEN, J. This action has been instituted upon the contract of insurance and not in tort to secure damages for the negligent failure of defendant to pass upon the application of the insured. Many courts have permitted recovery for negligent delay in accepting an original application for insurance. *Duffy v. Bankers Life Association,* 139 N. W., 1087, 46 L. R. A. (N. S.), 25; *Handlier v. Knights of Columbus,* 183 N. W., 300; *In re Coughlin's Estate,* 205 N. W., 14; *Strand v. Bankers Life Ins. Co.,* 213 N. W., 349; *Kukuska v. Home Mut. Hail-Tornado Ins. Co.,* 235 N. W., 403; *Jackson v. N. Y. Life Ins. Co.,* 7 Fed. (2d), 31. The authorities are discussed in an illuminating note in Yale Law Journal, Vol. 40, page 121. The author of the article says: "Half a century ago the Supreme Court of the United States voiced the judicial opinion of the time when it declared: 'It was competent for the insurance company to pause as long as they might deem proper and finally to accept or reject the application as they might choose to do.' Since then, however, the insecure fortune of an individual pitted against the security of an actuary table has caused courts to construct new and distort old legal concepts in an endeavor to protect that individual." See Annotation 15 A. L. R., p. 1026. In North Carolina the Court held that delay in passing upon an original application for insurance gave no cause of action upon the contract. *Ross v. Ins. Co.,* 124 N. C., 395, 32

S. E., 733. Subsequently, in *Fox v. Ins. Co.,* 185 N. C., 121, 116 S. E., 266, the Court held that an action for damages was maintainable upon allegation and evidence tending to show negligent delay in the delivery of a policy. The *Fox case,* however, is distinguished in *Sturgill v. Ins. Co.,* 195 N. C., 34, 141 S. E., 280.

The case at bar does not involve the question of negligent delay in passing upon an original application for insurance, but upon an application for reinstatement of a policy already issued and in force until it lapsed by failure to pay the premium. The Michigan Court in *N. Y. Life Ins. Co. v. Max Buchberg,* 228 N. W., 770, 67 A. L. R., 1483, said: "The reinstatement of an insurance policy is not a new contract of insurance, nor is it the issuance of a policy of insurance; but rather is it a contract by virtue of which the policy already issued, under the conditions prescribed therein, is revived or restored after its lapse." To like effect is the reasoning in *Muckler v. Guarantee Fund Life Ass'n,* 208 N. W., 787, cited by defendant. In that case the Court quoted with approval from the Colorado Court, as follows: "that the rights of an insured, making an application for reinstatement of a lapsed policy, are widely different from the rights of those making an original application for insurance, must be conceded, and this principle is so plain as to need neither elaboration nor citation of authorities." Couch, Encyclopedia of Insurance Law, Vol. 6, sec. 1375, states the proposition as follows: "And a contract for reinstatement of a life policy is not a new contract; rather, it is merely a waiver of forfeiture, so that the original policy is restored and made as effective as if no forfeiture had occurred, unless the contract for reinstatement is itself tainted with such fraud as would justify the company in repudiating."

As stated in the former opinion, the right of reinstatement prescribed by the terms of the policy in controversy is a substantial property right. The insurance company had the right to pass upon the question of insurability and the evidence thereof submitted by the insured. This power of the insurer to pass upon the right of the insured imposed a legal duty and obligation which the company could not arbitrarily determine or disregard by failure to act for an indefinite and unreasonable time.

The evidence, as disclosed by the present record, shows that the defendant acted promptly in disposing of the application. The only delay that could possibly be urged as unreasonable was the delay of Bartholomew, local agent, who received a letter from Upshaw, general agent, on or about 27 November, and did not reply thereto until 21 December, which constitutes a period of approximately twenty-four days. It ap-

pears that in the meantime the insured was already sick, and the record does not disclose how long he had been sick between the dates specified.

Upon these facts now appearing, the court is of the opinion that the prayers for instruction requested by the defendant should have been given. *Bank v. Fountain,* 148 N. C., 591, 62 S. E., 738; *Grain Co. v. Feed Co.,* 179 N. C., 654, 103 S. E., 375.

In the *Grain Co., case, supra,* the Court said: "As there was substantial difference between the parties as to the essential facts, and, as the evidence was practically one way in regard to them, it was not error to instruct the jury that, if they found the facts to be as stated in the testimony of the witnesses, they should answer the issues as indicated in the charge. . . . The charge was not a peremptory one, and the verdict was not directed. The credibility of the witnesses was left to the jury."

New trial.

CLARKSON, J., dissents.