DAVID J. MITCHELL v. N.C. GRANGE MUTUAL INSURANCE COMPANY

No. 809SC1

(Filed 5 August 1980)

Insurance § 122– fire insurance – limitation of coverage on homemade barns – plaintiff as agent of insurer – no constructive knowledge

In an action to determine the amount of insurance coverage afforded plaintiff under a policy of insurance issued by defendant on certain tobacco bulk curing barns plaintiff owned, the trial court erred in limiting recovery to $2500 per barn because plaintiff was an agent of Eastman & Co., which was authorized to conduct defendant's bulk barn insurance operations, and plaintiff therefore had constructive knowledge that Eastman & Co. limited the coverage afforded under its fire insurance policies on "homemade" barns to a maximum of $2500 each, since plaintiff had no way of knowing that the policy was written through Eastman & Co., as that name appeared nowhere on the face of the policy; and the fact that Eastman & Co. placed a limitation of $2500 coverage on "homemade" barns and so notified its agents was not relevant to the controversy since defendant insurer had no such limitation on the policy issued to cover plaintiff's barns.

APPEAL by plaintiff from *Riddle, Judge.* Judgment entered 31 July 1979 in Superior Court, GRANVILLE County. Heard in the Court of Appeals on 22 May 1980.

Plaintiff brought this action seeking to have the court determine the amount of insurance coverage afforded him under a policy of insurance on certain tobacco bulk curing barns he

---

*Mitchell v. Insurance Co.*

---

owned. In his complaint plaintiff alleged that the defendant, N.C. Grange Mutual Insurance Co., through its agent, C. Hester Allen Insurance Agency, issued to him on 30 July 1977 a policy of hazard insurance covering six barns; that barns numbers 1, 2, 3, 4, and 5 were insured for $7,000 each, and barn number 6 was insured for $8,000; and that on 11 November 1977 a fire destroyed barns numbers 1, 2, 4, 5 and 6. Plaintiff averred that he had paid the full premium due and that the policy was in effect at the time of the fire.

Defendant filed an answer admitting that it had issued the policy of insurance in question, but claiming that plaintiff as its agent had knowledge of and was bound by underwriting instructions limiting coverage on "homemade" barns to $2,500 per barn.

The matter was tried before the judge without a jury. Evidence essential to a resolution of the controversy will be contained in our opinion. At the conclusion of the evidence, Judge Riddle entered the following pertinent findings and conclusions:

That on July 30, 1977, the defendant N.C. Grange Mutual Insurance Company, . . . issued to the plaintiff a policy of fire insurance, covering six (6) bulk tobacco curing barns owned by plaintff, barns Nos. 1 through 5 . . . being insured for . . . ($7,000.00) each, and barn No. 6 being insured by . . . ($8,000.00). . . .

That on or about November 11, 1977, a fire damaged or destroyed certain of the tobacco bulk curing barns. . . .

That during the years 1975, 1976 and 1977 Eastman & Company, Inc., held a Power of Attorney from the defendant, N.C. Grange Mutual Insurance Company, authorizing it to conduct, among other things, the defendant's bulk barn insurance operations. In the year 1976, Eastman & Company, Inc., mailed certain underwriting instructions to all of its agents, which instructions provided in part as follows: "Homemade barns will carry a maximum liability of $2,500.00, and must be stipulated as 'homemade'."

During the year[s] 1975, 1976 and 1977, the plaintiff was licensed by Eastman & Company, Inc., as its agent to sell its lines of insurance, including bulk barn fire insurance policies written through it in the name of the defendant, N.C. Grange Mutual Insurance Company.

. . .

That the six (6) bulk tobacco curing barns insured under the policy were "homemade" barns . . . .

That plaintiff, . . . was an agent of Eastman & Company, Inc., and N.C. Grange Mutual Insurance Company, and as such, he is chargeable with constructive knowledge that the underwriting instructions sent by Eastman & Company, Inc. to its agents in 1976 limited the coverage afforded under its fire insurance policies on "homemade" bulk tobacco curing barns to a maximum of $2,500.00 each, and coverage afforded to the plaintiff under the insurance policy in question should be so limited.

From a judgment that he recover a maximum of $2,500 per barn, plaintiff appealed.

*Royster, Royster & Cross, by T.S. Royster, Jr., for the plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by Walter Brock, Jr. and Joseph W. Yates III, for the defendant appellee.*

HEDRICK, Judge.

The following essential facts are uncontroverted in this matter:

1. During the year 1977 and for some years prior thereto, the defendant, N.C. Grange Mutual Insurance Company, through its agent, C. Hester Allen Insurance Agency, offered crop hazard insurance.

2. During the times pertinent to this lawsuit, the agent could write North Carolina Grange policies at least two ways: (a) directly through the facilities of North Carolina Grange, or (b) through Eastman & Company.

3. Plaintiff applied for and was issued a policy of insurance to cover his six tobacco barns for 1977. Plaintiff made his application to and the policy was written by the C. Hester Allen Agency.

4. The policy names North Carolina Grange Mutual Insurance Company as the issuing party and provides coverage in the amount of $7,000 for barns 1-5 and $8,000 for barn 6. Nowhere on the policy does Eastman & Company's name appear.

5. When plaintiff applied for the insurance, he did not request that it be written through Eastman & Company.

6. Thomas W. Allen of the C. Hester Allen Insurance Agency made the decision to and in fact did write the policy through Eastman & Company. At no time did he discuss this decision with the plaintiff.

7. In 1976 Eastman & Company sent to all its agents underwriting instructions which limited the amount of coverage available for "homemade" barns to $2,500 per barn.

8. Plaintiff's barns were "homemade."

9. Plaintiff was an agent of Eastman & Company.

10. North Carolina Grange Mutual had no such limitation on coverage for "homemade" barns during 1977.

On these facts the defendant contends, and Judge Riddle obviously agreed, that the single fact of plaintiff's employment as an agent of Eastman & Company — and therefore of the Grange — limits plaintiff's recovery under his policy of insurance with North Carolina Grange to $2,500 per barn. While we agree that plaintiff's status as Eastman's agent charged him with knowledge of Eastman's limitation on coverage for "home-

made" barns, *Powell v. Insurance Co.*, 153 N.C. 124, 69 S.E. 12 (1910), we cannot agree that this knowledge determines the controversy between the plaintiff and this defendant. To the contrary, we find it inconsequential. Likewise, the fact that the plaintiff knew Eastman was underwriting policies through the Grange is inconsequential since there is no evidence that he knew or had reason to believe that his policy was underwritten by Eastman. As we noted above, the face of the policy, as well as the application for insurance, shows only North Carolina Grange as the insurer. Indeed, the agent Allen testified that the only way the insured would know whether the policy was written directly through the Grange or indirectly through Eastman "is that the policy would have a little block in the upper right-hand corner that said Eastman & Company." No such "little block" appears on plaintiff's policy, and Allen conceded that "[n]owhere on the fact of that policy is Eastman Company mentioned." In our opinion it would be unlikely if not impossible for an insured, including this plaintiff, to reason and conclude under these circumstance that his insurance was in fact carried by Eastman and Company. All the evidence points logically to the conclusion that this policy of insurance was carried by North Carolina Grange. The fact that Eastman & Company placed a limitation of $2,500 coverage on "homemade" barns and so notified its agents is not relevant to the controversy since the defendant insurer had no such limitation on the policy issued to cover plaintiff's barns.

We hold the trial court's conclusion that plaintiff's recovery is limited to $2,500 per barn because he was an agent of Eastman and the Grange, and thus had constructive knowledge of Eastman's limitation, is erroneous for that the findings do not support the conclusion that the plaintiff had constructive knowledge of the limitation *as applied to this policy*. To the contrary, the evidence and the findings dictate the conclusion that the defendant, as insurer under the policy in question, is liable to the plaintiff for the full amount of the coverage shown on the policy.

For the reasons stated the judgment is vacated and the cause remanded to the Superior Court for the entry of an appropriate judgment for plaintiff consistent with this opinion.

Vacated and remanded.

Judges PARKER and VAUGHN concur.