ROMULUS R. ROSS, Administrator of J. M. Pickett, v. NEW

YORK LIFE INSURANCE COMPANY.

(Decided April 11, 1899).

Where the application for life insurance contained the statement:
That the company shall incur no liability under this appli-
cation until it has been received, approved, the policy
issued· thereon by the company at the home office, and the
premium has been actually paid to and accepted by the com-
pany or its authorized agent during my lifetime and good
health—the application was not accepted, no policy issued,
and the first payment was not made: *Held*, that the contract
of insurance was not complete—as the minds of the parties
never met.

CIVIL ACTION upon a money demand, tried before
*Allen, J.,* at July Term, 1898, of RANDOLPH Superior Court.
The facts are undisputed and appear in the opinion. On
motion of defendant, the plaintiff was nonsuited and ap-
pealed.

No counsel for appellant.
*Messrs. Jones & Tillett,* for defendant.

FAIRCLOTH, C. J. Plaintiff's intestate on September 27,
1895, made application for life insurance with defendant's
agent and gave his note for the first payment. The applica-
tion and note, which was accepted as cash, were forwarded
to the home office. The application contained this state-
ment: "That the company shall incur no liability under this
application until it has been received, approved, the policy
issued thereon by the company at the home office, and the
premium has been actually paid to and accepted by the com-

pany or its authorized agent during my life time and good health." Plaintiff's intestate became sick with fever in November and died on December 15, 1895. The application was not accepted, no policy issued, nor was the first payment made. On next January the defendant tendered the note to plaintiff, who refused to receive it, and after its maturity demanded the payment of the policy. When plaintiff rested, his Honor on motion held that plaintiff could not recover and ordered a nonsuit. There was no error as the facts did not show a contract and as the facts were undisputed there was nothing for the jury. The minds of the intestate and defendant never met. *Ormond v. Ins. Co.,* 96 N. C., 158; *Whitley v. Ins. Co.,* 71 N. C., 480. Even long delay by the defendant could not presume an acceptance. The natural and legal inference is to the contrary. *Moore v. Ins. Co.,* 130 N. Y., 537. The student may read on this question *Jacobs v. Ins. Co.,* 71 Miss., 656–8; *Paine v. Ins. Co.,* 51 Fed Rep., 591; *Eliason v. Hinshaw,* 4 Wheat., 227; *Carr v. Duval,* 14 Peters, 81; *Steinle v. Ins. Co.,* 81 Fed. Rep., 489, and *McCully's Admr. v. Ins. Co.,* 18 W. Va., 782.

Affirmed.