W. L. RAY, Administrator of Mrs. C. M. Ray, his Wife, v. THE SECUR-
ITY TRUST AND LIFE INSURANCE CO.

(Decided March 13, 1900.)

*Insurance—Life Policy—Application—Condition Precedent.*

1. Where the application for life insurance contains these words: "That
no insurance shall be in force until the delivery of the policy to
and the payment of the first premium by the party whose life
is insured while in good health," there is no contract of insurance
until the policy is delivered.

2. Such condition is legal and does not contravene public policy, and is
important to both parties, as fixing a day certain, when the agree-
ment becomes absolute.

3. Where an action sounds in damages for breach of contract, and it
turns out that there was no contract, a claim for money had and
received can not be recovered in this action.

CIVIL ACTION for breach of contract of insurance and fail-
ing to deliver policy upon the life of plaintiff's intestate, tried
before *Hoke, J.,* at October Term, 1899, of VANCE Superior
Court.    The application contained this proviso: "That no
insurance shall be in force until the delivery of the policy to,
and the payment of the first premium by the party whose life
is insured while in good health."    The amount of insurance
applied for was $1,000—the annual premium was $33.80—
the sum paid the local agent was $23.40, he and the applicant
supposing that was the proper amount.    The policy was never
delivered, although the applicant received information from
the home office in Philadelphia that her application was ap-
proved and the policy would be filled out and forwarded.    It
was sent to the general agent at Richmond, Va., who failing to
get a settlement of the premium from the local agent at
Oxford, N. C., returned it to the home office in Philadelphia,

and it was cancelled January 25, 1899.　Mrs. C. M. Ray died March 2, 1899.

Upon the trial, the defendant asked his Honor to hold and charge: "That plaintiff is not entitled to recover because of the provision in the application that no insurance shall be in force till the delivery of the policy to deceased while in good health, and payment by her of the first premium."

His Honor declined to so hold and charge, and defendant excepted.

The issues submitted by his Honor to the jury were as follows:

1. Did defendant company contract and agree with intestate to issue a policy of insurance on her life in the sum of one thousand dollars?

2. Did defendant wrongfully and in breach of its contract fail and refuse to deliver such policy?

3. What damage is due and owing to plaintiff by reason of such wrong and injury?

The issues submitted were objected to by defendant.

The jury found the issues in favor of plaintiff and assessed his damages at $989.63 with interest from May 2, 1899, (date of tender of balance due $10.37).

The figures arrived at were derived by deducting the difference between the premium due ($33.80), and the sum paid ($23.43), making $10.37, from $1,000.

There was judgment according to verdict, in favor of plaintiff.　Defendant appealed.

*Mr. T. T. Hicks,* for appellant.
*A. C. Zollicoffer,* for appellee.

FAIRCLOTH, C. J.　On November 18, 1898, the plaintiff's intestate made application to the defendant company for a

life insurance policy, with the usual questions, answers, conditions, medical examination and certificate, etc. On January 3, 1899, the president of the company addressed the applicant as follows: "I have the pleasure of informing that your application to this company for insurance has been approved, and that a policy is being issued to-day, which will reach you in due time through the agent who forwarded the application."

It appeared that the defendant had a general agent at Richmond, Va., and another agent at Oxford, N. C., through whom the application was made—the principal office of the defendant being in Philadelphia, Penn. It also appears that the annual premium on $1,000 (amount applied for), was $33.80, and that the Oxford agent received $23.40 thereon, he and the applicant supposing that was the amount to be paid annually.

There was some correspondence between the agents and the company. On January 18th, the general agent wrote to the Oxford agent for advice, etc., and on January 19th, the company wrote: "If not placed, recall policy, Corinne M. Ray, at once." On January 17th, Mrs. Ray, the applicant, wrote to the company: "I wrote Mr. Marable, at Oxford, N. C., a few days ago about the policy, but as yet have heard nothing from him. It seems he is quite slow. Can't you hurry him along with it?" The policy was never delivered, and the applicant died March 2, 1899. There was no change in her health between November 18, 1898, and January 25, 1899. No policy being delivered, the action is upon the contract. The plaintiff's contention is that, when the application was received and the company replied, "Your application for insurance has been approved," and that "a policy is being issued to-day," the contract was complete, as the minds of

the contracting parties then met.  Admitting the conclusion as a general rule, we must consider the result when conditions and qualifying provisions are a part of the agreement.  One of the provisions in the application is in these words: "That no insurance shall be in force until the delivery of the policy to, and the payment of the first premium by the party whose life is insured while in good health."  So we have an agreement with an important provision or condition attached, fixing an event on the happening of which the contract shall become operative.  Of course the minds of the contracting parties met as effectually on this provision as on any other part.

This proposition was made by the applicant and accepted by the defendant.  How is the applicant to escape the force of this provision?  The proviso is not unreasonable.  There is nothing in it illegal, nor does it contravene any feature of public policy.  The proviso or condition is important to both parties.  The applicant wants certainty and desires a certain day, when the agreement becomes absolute, and is stripped of all doubt.  The defendant wants protection against unforeseen trouble that may arise after approval of the application and before delivery of the policy.  A change of habits and impairment of health may intervene, and misrepresentations in the application may be discovered.  These possibilities are understood by the parties, and they would make the subject unfit for insurance.  Against these, the proviso affords protection; and to remove all doubt, it is provided that, until the policy is delivered, there is no insurance in force.

We are referred to several decided cases, similar in many respects, but we have found no case in which the facts are "on all fours" with those in the case before us.

According to the view above expressed, the plaintiff has no

cause of action, and the consideration of the other exceptions is unnecessary.    This being an action for damages, the plaintiff can not recover in this action the $23.43, as money had and received for the use of the plaintiff.

We find error committed on the trial, and that the judgment is erroneous.

Reversed.