R. A. TURLINGTON AND H. J. TURLINGTON, ADMINISTRATORS OF RICHARD C. TURLINGTON, v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 6 April, 1927.)

**1. Insurance, Life—Policies—Applications—Stipulations.**

A stipulation in the application for a policy of life insurance that the policy applied for will only be valid if the application is accepted by the insurer and delivered while the applicant is alive, and the first premium thereon paid, is a reasonable one, and valid.

**2. Same—Death of Insured Prior to Delivery of Policy.**

When the local agent of a life insurance company has received an application for insurance, stipulating in effect, among other things, that it would not be enforceable unless delivered to the applicant in his life, and when the local agent received the policy applied for, he returned it to the company on account of the death of the applicant, no delivery has been made that would give effect to the proposed policy contract.

**3. Same—Principal and Agent—Payment of Premium—Implied Authority.**

An undisclosed agreement, made between the agent of one applying for a policy of life insurance and the local agent of the company, that a credit would be given for professional services personally owed by the local agent of the insurer to the agent of the applicant, the latter's son, and which was so given at the time of the application for the policy, covering full payment of the premium, is not binding upon the insurer, unless acquiesced in by it.

31—193

**4. Same—Ratification—Premium Notice.**

Where a local agent of a life insurance company has received a credit on his own personal account for the premium to become due on the insurer's acceptance of an application for life insurance, the fact that the insurer without notice or knowledge of this fact sent the applicant a notice of a second payment to become due if the policy were alive and in force is not a ratification of the unauthorized act of the local agent.

APPEAL by defendant from *Cranmer, J.*, at October Term, 1926, of WAYNE. Reversed.

Action upon policy of life insurance. Defendant denies liability under the policy alleged to have been issued by defendant upon the life of Richard C. Turlington; it alleges that it has never issued any policy of insurance upon the life of the said Richard C. Turlington, and that it is not liable as an insurer of his life, by reason of his application to defendant for a policy of insurance upon his life.

On 2 February, 1924, Richard C. Turlington signed an application to defendant for a policy of insurance upon his life, in the sum of $1,000, payable at his death to his estate. He died on 9 February, 1924.

Plaintiffs allege that at the date of said application, the first quarterly premium on the policy applied for was paid by Dr. R. S. Turlington, a son of Richard C. Turlington, the applicant; and that said application was thereafter received, approved, and accepted by defendant, at its home office in New York City, prior to the death of Richard C. Turlington. Plaintiffs contend that by reason of said payment, and of the acceptance of said application, during the lifetime of Richard C. Turlington, defendant is liable to them for the amount of the policy applied for by Richard C. Turlington.

Defendant denies each of these allegations. It alleges that it did not approve and accept said application until after the death of Richard C. Turlington. It contends that it is not liable to plaintiffs on account of such acceptance by it of the application for a policy of insurance upon the life of said Richard C. Turlington.

The only issue submitted to the jury was answered as follows:

"Is the defendant indebted to plaintiffs, and if so, in what amount? Answer: '$1,000.' "

From judgment on this verdict, defendant appealed to the Supreme Court.

*D. H. Bland for plaintiffs.*
*Dawson & Jones and Langston, Allen & Taylor for defendant.*

CONNOR, J. On 2 February, 1924, Richard C. Turlington signed, at Goldsboro, N. C., an application to defendant for a policy of insurance on his life, in the sum of $1,000, payable to his estate.

This application was forwarded promptly by defendant's agent at Goldsboro, N. C., to defendant, at its home office in New York City. It was approved and accepted by defendant on 15 February, 1924. A policy of insurance, in accordance with said application, dated 15 February, 1924, was thereupon sent by defendant, through the mail, to defendant's agent at Goldsboro, N. C., to be delivered to Richard C. Turlington by said agent upon payment of the first quarterly premium, as stipulated in said policy. The agent at Goldsboro received said policy; having learned that Richard C. Turlington had died on 9 February, 1924, the said agent returned the policy to defendant. It was not issued and delivered to Richard C. Turlington, or to anyone for him, during his lifetime; nor was the premium as stipulated in the policy ever paid to defendant by Richard C. Turlington, or by anyone for him.

All the evidence offered at the trial, with respect to the issuance and delivery of the policy upon which plaintiffs seek to recover in this action, tends to establish the facts to be as above stated; upon these facts plaintiff cannot recover upon the policy. It is expressly stipulated in the application therefor "that the company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the applicant." This is a valid stipulation; plaintiffs, having failed to show by the evidence that the policy sued on was issued and delivered during the lifetime of Richard C. Turlington, cannot recover thereon. *Ross v. Ins. Co.,* 124 N. C., 395.

Upon their allegations that the first quarterly premium on the policy applied for by Richard C. Turlington was paid by his son, Dr. C. S. Turlington, at the time said application was signed, and that said application was approved and accepted by defendant prior to the death of Richard C. Turlington, plaintiffs contend that defendant is liable to them for the amount of the policy applied for, notwithstanding such policy was not issued and delivered during the lifetime of Richard C. Turlington.

The evidence offered by plaintiffs in support of their allegation that the premium was paid at the date of the application tends to show that on 2 February, 1924, the date of the application, Dr. C. S. Turlington, a son of the applicant, credited his account for professional services rendered to the agent of defendant, who solicited said insurance, with the amount of the first quarterly premium on the policy applied for by Richard C. Turlington; that this credit was given upon an express agreement between the said agent and Dr. Turlington, approved by Richard C. Turlington, that the first premium on the policy applied for

should thereby be paid in advance, and that if the application was approved and accepted by defendant, the policy issued pursuant thereto should be in full force and effect from and after 2 February, 1924.

No evidence was offered, however, by plaintiffs tending to show that the agent was authorized by defendant to accept a credit upon his individual indebtedness in payment of the premium on the policy applied for by Richard C. Turlington and to be issued by defendant, upon its approval and acceptance of the application. An agent for an insurance company has no implied authority from his principal to accept a credit upon his individual indebtedness to an applicant for a policy of insurance, or to anyone else, in payment of the premium on the policy applied for. In the absence of express authority, an agreement by the agent to accept such credit as payment of the premium is not binding on the company, and such credit cannot be held to be a payment of the premium. An agent cannot accept a credit on his personal indebtedness as payment on a sum due or to be due to his principal by his creditor, and thereby bind his principal, unless the principal has expressly authorized the agent to do so. All persons dealing with an agent do so with notice of this salutary principle of the law of principal and agent, which is too well established to require citation of authorities.

During the trial, plaintiffs offered in evidence, for the purpose of showing that a policy of insurance upon the life of Richard C. Turlington had been issued by defendant pursuant to his application therefor, a printed notice received by plaintiffs, after the death of Richard C. Turlington, through the mail, to the effect that a quarterly premium on a policy issued by defendant to said Richard C. Turlington, dated 15 February, 1924, would be due on 15 May, 1924, "if said policy was then in force."

The court was of opinion that if the jury should find that defendant sent this notice, it was evidence of its ratification of the transaction between Dr. C. S. Turlington and defendant's agent, with respect to the payment of the premium at the date of the application. There was no evidence, however, that at the time defendant sent said notice, if it did send same, it had any knowledge of such transaction. In the absence of such evidence, the act of defendant could not be a ratification of the unauthorized act of its agent.

There was error in refusing to allow defendant's motion, at the close of all the evidence, for judgment dismissing plaintiffs' action as upon nonsuit. The judgment herein must be reversed and the action dismissed, for the reason that upon all the evidence plaintiffs cannot recover of defendant in this action.

Reversed.