ALICE GILMORE v. DURHAM LIFE INSURANCE COMPANY.

(Filed 11 October, 1933.)

**Insurance E a—Policy of life insurance in this case held not to have become effective, the contract not having been completed.**

Where an application for a policy of life insurance signed by the insured and the policy itself provide that the insurer should incur no liability thereon until the issuance of the policy and delivery thereof, and unless the insured should be alive and well at the date of its issuance and delivery : *Held,* in an action on the policy by the beneficiary a nonsuit should have been entered where all the evidence tends to show that the policy, although issued and sent to insurer's agent for delivery in accordance with the terms, had never been delivered because of the ill health of the insured at the time of its issuance, and that the insured, although in sound health at the time of the application, had been in ill health prior to the time of the issuance of the policy and had remained constantly in ill health to the date of his death.

APPEAL by defendant from *Alley, J.,* at July Term, 1933, of BUNCOMBE. Reversed.

This action was begun and tried in the General County Court of Buncombe County.

From judgment that plaintiff recover of the defendant on the policy of insurance issued by the defendant and described in the complaint, the sum of two hundred and fifty dollars with interest from 20 May, 1932, and the costs of the action, the defendant appealed to the Superior Court of Buncombe County.

At the hearing of the appeal, the judgment was affirmed by the Superior Court, and the defendant appealed to the Supreme Court.

*I. O. Brady and Sale, Pennell & Pennell for defendant.*

CONNOR, J. The plaintiff is the widow of Dewey A. Gilmore, who died in the city of Asheville, N. C., on 20 May, 1932. She is the bene-

ficiary in the policy described in the complaint. This policy was issued by the defendant on 9 May, 1932, and insured the life of Dewey A. Gilmore in the principal sum of $500.00. It is provided in the policy that if the death of the insured shall occur within twelve months from the date of its issuance, only one-half of the principal sum shall be payable to the beneficiary. For this reason if the defendant is liable on the policy, the maximum amount which the plaintiff is entitled to recover in this action is $250.00.

The application for the policy described in the complaint was signed by Dewey A. Gilmore at Asheville, N. C., on 28 April, 1932. The application contains a provision as follows:

"I agree that the policy which may be granted by the company upon this application shall be accepted subject to the conditions and agreements contained therein, and that no obligation shall exist against said company under said policy, although I may have advanced premiums thereon, unless such policy is delivered to me, and unless upon its date and delivery the life proposed shall be alive, and in sound health."

The policy issued by the defendant at its home office in Raleigh, N. C., on 9 May, 1932, contains a provision as follows:

"Provided, however, that no liability is assumed by the company prior to the date hereof, nor unless on such date and on the delivery of the policy, the insured is alive and in sound health."

All the evidence at the trial showed that although the insured was in sound health at the date of the application, he was not in sound health at the date of the issuance of the policy, and that for that reason the policy was not delivered to the insured. He had become ill on 8 May, 1932, and continued ill until his death on 20 May, 1932. There was no time between the date of the issuance of the policy and the date of insured's death, when he was in sound health. After his death, the policy was returned to the defendant by its agent at Asheville, N. C., to whom it had been sent for delivery according to its terms, and who had failed to deliver it because of the unsound health of the insured. All the evidence showed that there had been no actual delivery of the policy to the insured; there was no evidence tending to show a constructive delivery of the policy, which at no time passed from the possession and control of the defendant.

By reason of the express provisions in the application signed by the insured, and in the policy issued by the defendant, the policy sued on in this action did not become effective during the lifetime of the insured. For that reason there was error at the trial in the refusal of the court to dismiss the action by judgment as of nonsuit. The judgment of the Superior Court affirming the judgment of the county court must be reversed. See *Turlington v. Ins. Co.,* 193 N. C., 481, 137 S. E., 422;

*McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186; *Powell v. Ins. Co.,* 153 N. C., 124, 69 S. E., 12; *Ray v. Ins. Co.,* 126 N. C., 166, 35 S. E., 246; *Ross v. Ins. Co.,* 124 N. C., 395, 32 S. E., 733.

The action is remanded to the Superior Court of Buncombe County that judgment may be entered in said court in accordance with this opinion.

Reversed.