GEORGE C. BUTLER, ADMINISTRATOR, v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 13 April, 1938.)

1. **Insurance § 31a—Evidence held to disclose fraud in procuring delivery of policy issued without medical examination.**

When the evidence discloses that insured, in a policy issued without a medical examination, failed to disclose, at the time of mailing the initial premium, that she was going to a hospital, and that she failed to inform insurer that she had consulted a doctor and was treated for cancer between the date of the application and the delivery of the policy, the application providing that the policy should not be delivered in such case, a nonsuit in insurer's favor in plaintiff beneficiary's action on the policy is without error, since if insured had not suppressed the truth the policy would not have been delivered. C. S., 6460.

2. **Fraud § 2—**

A *suppressio veri* by one whose duty it is to speak is equivalent to a *suggestio falsi.*

APPEAL by plaintiff from *Cranmer, J.,* at November Term, 1937, of SAMPSON.

Civil action to recover on a policy of life insurance.

On 13 November, 1933, Lela F. Butler made application to the New York Life Insurance Company for $1,000-policy of life insurance, payable to her estate.

The application is made a part of the policy and contains the following agreement:

"It is mutually agreed as follows: (1) That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since the time of making this application."

The policy was issued, without medical examination, and delivered 17 December, 1933, in consequence of a letter written 15 December on behalf of applicant, enclosing check for premium and asking that policy be sent, as applicant was going away.  The writer testified: "I must have meant that Miss Butler was going to the hospital when I said in the letter she was going away," though this was not stated.  In the meantime the applicant had consulted a physician on 1, 3, or 4 December, discovered that she had a cancer, and was taken to the hospital on 16 December.  She died 28 May, 1934.

The defendant pleaded violation of the condition attached to the delivery of the policy, and, in addition, that it was secured by fraudulent misrepresentations and concealments.

In response to a question from the court, plaintiff's counsel stated that plaintiff could not refute the testimony concerning consultation by applicant and treatment of her by Dr. Parker on account of her ailment (cancer) on or about 1 and 3 or 4 December, 1933.  Whereupon the court dismissed the action as in case of nonsuit.

Plaintiff appeals, assigning errors.

*Howard H. Hubbard for plaintiff, appellant.*
*Rountree & Rountree for defendant, appellee.*

STACY, C. J.  Plaintiff takes the position that the delivery of the policy, following receipt of the first premium, concluded the contract, in the absence of fraud, *Grier v. Ins. Co.,* 132 N. C., 542, 44 S. E., 28, and that the provisions of C. S., 6460—the policy having been issued without medical examination—preclude a denial of liability except in case of fraud, *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609; and further, that plaintiff's evidence is sufficient to make out a *prima facie* case.  *Williamson v. Ins. Co.,* 212 N. C., 377.

The position of the defendant is that the evidence shows a conditional delivery of the policy which, was not met, and that no contract of insurance ensued.  *Gardner v. Ins. Co.,* 163 N. C., 367, 79 S. E., 806; *Lancaster v. Ins. Co.,* 153 N. C., 285, 69 S. E., 214; *Perry v. Ins. Co.,* 150 N. C., 143, 63 S. E., 679; *Ray v. Ins. Co.,* 126 N. C, 166, 35 S. E., 246; *Ormond v. Ins. Co.,* 96 N. C., 158, 1 S. E., 796; *McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186, and cases cited.

Without making definite ruling upon the relative merits of these opposing positions as applied to the facts of the instant case, we think it is clear that plaintiff is in no position to insist upon a recovery.  Undoubtedly there was a suppression of a material fact, *i.e.,* that applicant was going to the hospital, when the premium was paid, which would have resulted in nondelivery of the policy but for such suppression.

13—213

*Wells v. Ins. Co.,* 211 N. C., 427, 190 S. E., 744; *Hayes v. Ins. Co.,* 132 N. C., 702, 44 S. E., 404. Otherwise the case of *Ins. Co. v. Grady,* 185 N. C., 348, 117 S. E., 289, might apply. A *suppressio veri* by one whose duty it is to speak is equivalent to a *suggestio falsi. Isler v. Brown,* 196 N. C., 685, 146 S. E., 803; 10 R. C. L., 324.

Moreover, it is conceded that the applicant consulted Dr. Parker and was treated by him for cancer between the date of the application and the delivery of the policy. This fact should have been communicated to the defendant. *Whitley v. Ins. Co.,* 71 N. C., 480.

The record is not such as to call for a disturbance of the judgment of nonsuit.

Affirmed.