DOROTHY K. BRYANT, ADMINISTRATRIX OF THE ESTATE OF CLYDE JAMES
BRYANT, DECEASED v. OCCIDENTAL LIFE INSURANCE COMPANY
OF N. C., A CORPORATION.

(Filed 14 December, 1960.)

**1. Pleadings § 2—**

   A cause of action consists of the facts alleged in the complaint. G.S.
   1-122.

**2. Pleadings § 34:    Insurance § 10— Causes of action asserted held not
   inconsistent and action of court striking one of the causes upon re-
   fusal of plaintiff to make election, was error.**

   The complaint purported to allege two separate causes of action based
   upon the single circumstance of delay of insurer in acting upon intes-
   tate's application for life insurance, the first cause *ex contractu* upon the
   assertion that such delay, together with the retention of the premium,
   constituted an acceptance of the application, and the second in tort
   upon assertion that if the application had been rejected within a reason-
   able time intestate, being in good health, would have had sufficient time
   to have secured similar insurance with another insurer. *Held*: The two as-
   serted causes of action are not repugnant and it was error for the court
   to strike, on motion, the allegations of the second cause of action on the
   ground that the two causes of action were inconsistent.

WINBORNE, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Mallard, J.*, April Term, 1960, of DURHAM.

Plaintiff appeals from an order striking all allegations of the
complaint (26 paragraphs) designated as plaintiff's "second cause
of action."

The complaint purports to allege two separately stated causes of
action. In each, plaintiff alleges that Clyde James Bryant, her in-
testate, on September 21, 1959, executed and delivered to defendant's
agent an application for a $5,000.00 life insurance policy and de-
livered to said agent the amount of the first premium, and that de-
fendant, prior to Bryant's death on November 14, 1959, had not
acted upon Bryant's application.

In her (the portion so designated) first cause of action, plaintiff,
in substance, alleges the receipt given Bryant for the first premium
stipulated: If Bryant's application was approved by defendant, the
policy "would take effect from the date of the application, or the
medical examination, if required." If defendant rejected Bryant's
application, "said premium would be promptly returned." Defend-
ant did not tender or return the said premium to Bryant. After Bry-
ant's death, defendant's agent "visited the plaintiff and attempted to
return said premium to her in return for said receipt." Defendant's

"unreasonable delay" in acting upon Bryant's application, together with the retention of the premium, "constituted an acceptance of said application" by defendant. Due proof of Bryant's death was furnished defendant. Hence, plaintiff is entitled to recover $5,000.00.

In her (the portion so designated) second cause of action, plaintiff alleges, in addition to facts alleged in her first cause of action, the following: Bryant was in good health from September 21, 1959, until his last illness, which commenced November 9, 1959. Bryant had suffered in the past from tuberculosis. On September 21, 1959, his tuberculosis was "stable and inactive." Bryant's application so advised defendant and gave information as to medical sources that could supply information as to Bryant's health. Defendant, upon investigation, would have determined that Bryant's tuberculosis was "stable and inactive." Upon making such determination, defendant would not have refused to issue life insurance to Bryant solely because of such tuberculosis and would not have required Bryant to undergo a general medical examination before issuing life insurance to him. Bryant's death was not caused or related in any way to tuberculosis but by a condition "previously undetected and which would not have been detected in a general medical examination." Defendant made no effort to ascertain the status of Bryant's health prior to his death. If it had done so, it would have determined that Bryant was in good health and would have issued the policy. If defendant had rejected Bryant's application within a reasonable time, Bryant would have had sufficient opportunity to have secured similar insurance with another company. Hence, plaintiff is entitled to recover $5,000.00 on account of defendant's negligent failure to act upon Bryant's application within a reasonable time.

At the hearing on defendant's motion to strike, Judge Mallard stated he was of the opinion the first and second causes of action "were mutually repugnant and inconsistent," and gave plaintiff an opportunity to elect "which of the two alleged causes of action" plaintiff desired to retain in the complaint. It was then stated by plaintiff's counsel that "plaintiff would not make an election between the two alleged causes of action." Thereupon, Judge Mallard entered the order striking all allegations of the complaint designated as plaintiff's "second cause of action."

*Spears, Spears & Powe and Alexander H. Barnes for plaintiff, appellant.*

*Smith, Leach, Anderson & Dorsett and C. K. Brown, Jr., for defendant, appellee.*

BOBBITT, J. The question discussed in the briefs is whether the two "causes of action" are "mutually repugnant and inconsistent."

A cause of action consists of the facts alleged in the complaint. G.S. 1-122; *Lassiter v. R. R.*, 136 N.C. 89, 48 S.E. 642; *Stamey v. Membership Corp.*, 249 N.C. 90, 94, 105 S.E. 2d 282.

No fact alleged by plaintiff in one "cause of action" is inconsistent with or contradicted by any fact alleged in the other. On the contrary, the allegations in the two "causes of action" are entirely consistent, and, except as indicated, are identical.

No policy was issued by defendant. The factual allegations contained in plaintiff's "first cause of action" are that defendant "unreasonably delayed" acting upon Bryant's application from September 21, 1959, until after his death on November 14, 1959, and did not, during said period, tender or return the amount of the first premium forwarded to it with Bryant's application. Apart from such delay, no fact is alleged indicating that defendant had accepted or would accept Bryant's application.

In an exhaustive annotation in 32 A.L.R. 2d 487, at p. 493, many decisions, including *Ross v. Ins. Co.*, 124 N.C. 395, 32 S.E. 733, are cited in support of this statement: "Based on the doctrines that an application for insurance is a mere offer, which must be accepted before a contract of insurance can come into existence, and that silence and inaction do not amount to an acceptance of an offer, the overwhelming weight of authority is to the effect that, at least in the absence of additional circumstances, no inference or presumption of acceptance which would support an action *ex contractu* can be drawn from mere delay or inaction by the insurer in passing on the application." Also, see 29 Am. Jur., Insurance § 203; 44 C.J.S., Insurance § 232. In the *Ross* case, which deals with a factual situation quite similar to that alleged in plaintiff's "first cause of action," *Faircloth, C. J.*, said: "Even long delay by the defendant could not presume an acceptance. The natural and legal inference is to the contrary."

True, plaintiff, in her "first cause of action," asserts that defendant's unreasonable delay in acting upon Bryant's application, together with the retention of the premium, "constituted an acceptance of said application" by defendant; but, as indicated above, this is nothing more than an erroneous legal conclusion. Notwithstanding she purports to allege two separate causes of action, plaintiff bases her right to recover upon an alleged single wrong, to wit, the alleged negligent failure of defendant to act upon Bryant's application within a reasonable time.

No question is presented as to whether any of plaintiff's allegations should be stricken upon the ground of redundancy or otherwise upon motion made under G.S. 1-153. Nor does this appeal present any question as to whether the facts alleged are sufficient to state a cause of action. Defendant did not demur, either in the superior court or in this Court.

The decision on this appeal is simply this: It was error to strike the allegations constituting the portion of the complaint designated "second cause of action" on the ground that these allegations and the allegations constituting the portion of the complaint designated "first cause of action" were "mutually repugnant and inconsistent."

Reversed.

WINBORNE, C. J., took no part in the consideration or decision of this case.