MRS. ANNIE V. TERRELL y. THE LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 20 January, 1967.)

1. **Insurance § 26—**

Evidence and stipulations to the effect that insurer issued and delivered the life policy to insured, that premiums were paid on said policy, and that proof of death was duly submitted, *held* to make out a *prima facie* case precluding nonsuit unless plaintiff's own evidence establishes an affirmative defense duly alleged by insurer.

2. **Insurance § 17—**

Insurer may not contend that nonsuit should have been entered because plaintiff's own evidence disclosed that insured did not reveal a fact material to the risk when the defense of fraud, misrepresentation or concealment is not pleaded by insurer.

3. **Insurance § 26—**

The burden of proof is upon insurer to establish its affirmative defense in accordance with its allegations.

4. **Pleadings § 28—**

Proof without corresponding allegation is ineffectual.

5. **Trial § 35—**

Where an affirmative defense is not available to a defendant because such defense was not pleaded, the trial court's instruction that such defense was not involved in the case is a correct statement of a matter of law, and does not constitute an expression of opinion by the court as to the facts, the weight of the evidence, or the credibility of the witness.

6. **Trial § 37—**

Defendant's objection to a statement by the court of a contention of plaintiff on the ground that the statement omitted an essential fact, will not be sustained when immediately thereafter the court supplies the omission so that, when read contextually, the statement of the contention is without prejudicial error.

7. **Insurance § 26; Evidence § 35—**

Where the issue is whether insured was insurable under the company's rules and regulations at the time of the delivery of the policy in suit, it is not error to exclude insurer's testimony that at such time insured was not insurable, since a witness may not give an opinion on the very question to be decided by the jury.

8. **Appeal and Error § 41—**

The exclusion of testimony cannot be prejudicial when the same witness has just testified to facts with substantially the same meaning.

9. **Insurance § 26—**

Where plaintiff's evidence is conflicting as to whether insured on the date of the delivery of the policy was insurable according to insurer's rules and standards, an issue of fact is raised for determination by

the jury, and insurer is not entitled to nonsuit on such affirmative defense.

PARKER, C.J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Latham, S.J.,* July 1966 Civil Session of DURHAM.

Civil action by plaintiff as beneficiary to recover under the terms of a whole life insurance policy issued to her husband by defendant.

On 14 October 1963 plaintiff's husband, Matthew Marion Terrell, executed an application to defendant insurance company for a whole life insurance policy in the amount of $5,000.00. The application contained the following provision:

"(2) That except as otherwise provided in the attached receipt bearing the same number as this application, the insurance herein applied for shall not take effect until a policy therefor is delivered to me and the first premium paid, while the proposed insured (and the applicant for the applicant's waiver of premium benefit provisions, if any,) *is insurable according to the company's rules and standards for such policy.*" (Emphasis ours)

The application was forwarded by the local agent to defendant's home office. On 17 November 1963, the insured, an Army Reserve officer, suffered an illness in the nature of a seizure or collapse while on a military exercise, and was immediately taken to Watts Hospital, Durham, North Carolina, where he was treated and released on the same day. Insured entered Veterans Administration Hospital on 20 November 1963 and remained there until his discharge on 2 December 1963. Insured's application was approved at the home office of defendant, and on 20 November 1963 policy was mailed to the local agent for delivery. The local agent delivered the policy to insured on the same day he returned from the hospital, at which time insured made the first quarterly premium payment. Insured thereafter made two other quarterly premium payments. He died on 26 June 1964. The death certificate listed cause of death as an epileptic seizure. Proof of death of insured was duly given defendant company.

The evidence tends to show that defendant was not aware of the illness and hospitalization of insured which occurred between execution of application and delivery of policy. Defendant did not furnish insured with a copy of its "rules and standards."

Dr. Amos Carl Gipson, Jr., insured's attending physician, by

deposition testified to the effect that insured was admitted to the Veterans Administration Hospital following a seizure or epileptic attack; that insured remained in the hospital from 20 November 1963 until 2 December 1963, and underwent extensive tests and examinations. He stated: "The only abnormality we could detect was an abnormality on the glucose tolerance test. . . . and we didn't feel that this necessarily represented diabetes. The other tests were within normal limits. . . . At the time he left the hospital it was our feeling that we were unable to establish any definite pathological diagnosis other than, as I have mentioned, the glucose tolerance. . . . His neurological examination was also within normal limits, except that he did have a slight decrease in biceps reflex on the left. . . . I would say simply he was nervous, and anxious and afraid he might be about to suffer some loss of income."

Defendant did not allege fraud, concealment or misrepresentation in its answer, but did allege that on the date of delivery of the policy deceased was uninsurable according to defendant's rules and standards for the policy applied for by him.

The following issue was submitted to and answered by the jury as indicated: "Was the deceased, Matthew Marion Terrell, insurable according to The Life Insurance Company of Virginia's rules and standards on the date of the delivery of the policy on December 2, 1963? Answer: Yes."

Judgment was entered upon the verdict. Defendant appealed.

*E. Carter Harris and C. Wallace Vickers for plaintiff.*
*Bryant, Lipton, Bryant & Battle for defendant.*

BRANCH, J. It is stipulated by counsel that policy No. 1034585, executed by defendant on the life of Matthew Marion Terrell, was delivered to him by defendant's agent on 2 December 1963, that premiums were paid on said policy, and that proof of death was duly submitted. This makes out a *prima facie* case, and nonsuit is improper except where plaintiff's evidence establishes defendant's affirmative defense. *Rhinehardt v. Insurance Co.*, 254 N.C. 671, 119 S.E. 2d 614. Appellant contends that nonsuit should have been granted because deceased did not reveal that he had suffered an attack and seizure of epilepsy after the application for and before delivery of the policy. Conceding that the propositions set forth in *Butler v. Insurance Co.*, 213 N.C. 384, 196 S.E. 317, *Wells v. Insurance Co.*, 211 N.C. 427, 190 S.E. 744, and *Gilmore v. Insurance Co.*, 205 N.C. 251, 171 S.E. 57, and other cases cited in this connection by defendant are correct, the record reveals that defendant did not plead the defense of fraud, misrepresentation or concealment.

Since plaintiff's evidence did not make out an affirmative defense for defendant, the burden of proof is upon defendant to show such defense as would avoid the policy, *Rhinehardt v. Insurance Co., supra,* and in making out its defense, it must be made according to its allegations. The court cannot take notice of any proof unless there is a corresponding allegation. *Fox v. Hollar,* 257 N.C. 65, 125 S.E. 2d 334.

According to its pleadings, defendant seeks to avoid liability solely on the ground that deceased was uninsurable according to defendant's rules and standards for the policy when delivered on 2 December 1963, and defendant's proof of its defense must correspond with its allegations.

Thus the court correctly denied defendant's motion for judgment as of nonsuit. For the same reasons defendant's assignment of error as to the failure of the court to explain the law applicable to the case, based on Exceptions 15, 16, 17 and 18, is overruled.

We find no error in the court's instruction that there was no fraud involved in the case. The defense of fraud is not available to the insurer unless specially pleaded. *King v. Insurance Co.,* 258 N.C. 432, 128 S.E. 2d 849. The court's statement did not express an opinion as to the facts, the weight of the evidence, or the credibility of the witness. It was a correct statement of a matter of law.

Appellant contends that the trial judge erred in giving plaintiff's contentions and in that he gave contentions that were not supported by the evidence.

"Error in stating the contentions of a party must ordinarily be brought to the trial court's attention in time to afford opportunity for correction. But where the statement of a contention upon a material point includes an assumption of evidence entirely unsupported by the record, the misstatement must be held prejudicial, notwithstanding the absence of timely objection." Strong: N. C. Index, Vol. 4, Trial, § 37, p. 344. Appellant did not in apt time request further or different instructions as to the contention. It argues that the court's statement that plaintiff contended that defendant had failed to prove "that the deceased was uninsurable" was prejudicial error because it had not included "according to defendant's rules and standards." In the same paragraph the court used this language: ". . . but that it was not an epileptic attack and was not a convulsion, was not such an occurrence or condition as would render the deceased uninsurable *under any of the company's rules and regulations.*" (Emphasis ours) Reading the court's statement of contentions contextually, we find no prejudicial error.

The defendant called R. T. Tavnner, its Assistant Vice-President and Manager of Underwriting, as a witness. While being ques-

tioned by defendant's counsel, he testified that the company would have declined to issue the contract because of its regulations had it known that deceased had suffered a convulsion or epileptic attack between the date of the application and the date of delivery. Mr. Tavnner was then asked if Terrell had suffered a convulsion or epileptic attack after the date of the insurance application, "was Mr. Matthew Marion Terrell insurable according to the rules and standards of the Company on the second day of December, 1963?" Plaintiff's objection to this question was sustained. Had the witness been permitted to answer, his answer would have been: "He would not have been insurable." The trial court correctly sustained the objection. "A witness will not be allowed to give his opinion on the very question to be decided by the jury." *Ponder v. Cobb,* 257 N.C. 281, 126 S.E. 2d 67. Moreover, the witness had just testified to facts with substantially the same meaning. Thus the sustaining of the objection could not have been harmful error.

There was conflicting evidence as to whether deceased was insurable according to the Life Insurance Company of Virginia's rules and standards on the date of the delivery of the policy — December 2, 1963. This raises an issue of fact which was submitted to the jury upon evidence and a charge free of prejudicial error. The jury answered the issue in favor of plaintiff.

No error.

PARKER, C.J., took no part in the consideration or decision of this case.