VALLIE A. LEGGETT v. THOMAS & HOWARD COMPANY INC., D/B/A RED & WHITE QUALITY FOOD STORE OF FAIRMONT, NORTH CAROLINA

No. 8316SC432

(Filed 5 June 1984)

**Negligence §§ 27, 29— customer slipping on wet floor—evidence of precautions taken by stores with similar floors improperly excluded—evidence of negligence sufficient to survive directed verdict**

In an action evolving from plaintiff's falling on the wet floor in defendant's store, the trial court improperly excluded evidence of precautions taken by other stores with similar floors which were not taken by defendant store since the evidence was offered to establish a standard of care to which plaintiff claimed defendant should have conformed. The excluded evidence, together with the other evidence, was sufficient to have survived defendant's motion for a directed verdict where the evidence would have permitted the jury to find that defendant's floor was slick or slippery when wet; that defendant knew, or in the exercise of reasonable care should have known, that the floor was likely to become wet, and thus slick or slippery, on rainy days; that had defendant conformed to the customer usage in the community with regard to such floors, he would, in the exercise of ordinary care, have taken precautions against the floor becoming or remaining wet; the plaintiff slipped, fell, and was injured on defendant's floor on a rainy day at a time when the store had been open to customers for three hours or more; and that defendant's complete failure to take any precautions whatever with regard to the floor during that extended period of time was the proximate cause of plaintiff's fall and injury.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 12 January 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 8 March 1984.

Plaintiff slipped, fell, and fractured her hip while in defendant's store. She brought suit claiming that defendant negligently allowed water to accumulate on the floor, thus making it slick and dangerous to customers.

The trial court granted defendant's motion for a directed verdict at the close of plaintiff's evidence. Plaintiff appeals.

*Musselwhite, Musselwhite & McIntyre, by James W. Musselwhite and W. Edward Musselwhite, Jr., for plaintiff appellant.*

*Leonard, Shannonhouse, McNeely & MacMillan, by Thomas A. McNeely, for defendant appellee.*

WHICHARD, Judge.

The directed verdict motion tested the legal sufficiency of the evidence to take the case to the jury and support a verdict for plaintiff. In ruling on the motion, the evidence had to be considered in the light most favorable to plaintiff, giving her the benefit of every reasonable inference to be drawn therefrom. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E. 2d 678, 680 (1977).

Plaintiff's evidence, so considered, showed the following:

Defendant's store had been open for business since 7:30 a.m. on the day of plaintiff's fall. Rain had been falling all morning, and customers and employees had been walking into the store from a wet parking lot. No mat lay at the store entrance when plaintiff walked in around 10:30 or 11:00 a.m., and defendant had not dry mopped or taken other precautions to prevent accumulation of water on the floor or to remove water therefrom.

Ten feet inside the entrance to defendant's store plaintiff slipped and fell. Her dress became soaked, and the floor around her was wet with what she believed to be water.

Defendant's floor tiling was impervious to water and was extremely slippery when wet. Plaintiff offered evidence, which the court excluded, that other store operators in the area with similar floor tiling found it necessary to take special precautions to guard against slipping by customers on rainy days. Defendant failed to use similar precautions, such as floor mats and mopping.

The trial court indicated that it was granting the directed verdict for defendant because plaintiff did not offer evidence that defendant had notice of any wet spot on its floor. It is true that a defendant cannot be held liable for an unsafe condition created by third parties or an independent agency unless the condition existed sufficiently long to give its employees notice and time to remedy it. *Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E. 2d 56, 58 (1960). A store owner has a duty, however, to exercise ordinary care to keep passageways for customers in a reasonably safe condition so as not to expose them unnecessarily to danger. *Id.* at 599, 112 S.E. 2d at 58. In *Powell* the owner's failure to put down mats and to dry mop on a rainy day was a significant factor

in the Court's holding that plaintiff had established a *prima facie* case of negligence. *Id.* at 600, 112 S.E. 2d at 59.

In affirming a compulsory nonsuit in a "slip and fall" case with facts similar to those here, our Supreme Court stated:

> There is an absence of any evidence showing that it is a common practice or precaution of prudent storekeepers or keepers of offices under similar conditions to have on rainy days a mat or other covering at the entrance of their stores or offices or on the floors of their stores or offices for invitees entering to wipe their feet on. . . . Plaintiff has no evidence tending to show that defendant did or omitted to do anything which a storekeeper or the keeper of an office of ordinary care and prudence would do under the same circumstances for the protection of its customers or other invitees.

*Dawson v. Light Co.*, 265 N.C. 691, 694-95, 144 S.E. 2d 831, 834 (1965).

Here, by contrast, plaintiff offered evidence from two witnesses who managed stores which were located in the same county and contained the same kind of floor tile as defendant's. They would have testified that such tile is slick or slippery and dangerous when wet; that they thus took special precautions for the safety of customers on rainy days by placing mats both outside and inside, and by changing them as needed; and that they had the floors mopped regularly on such days when water was likely to accumulate. The trial court, however, excluded this evidence.

"A custom or usage in a particular business or community . . . is . . . frequently offered to establish a standard of care to which it is claimed that a party should have conformed . . . ." 1 H. Brandis, North Carolina Evidence § 95, at 364 (2d ed. 1982). "[E]vidence of the usual and customary conduct of others under similar circumstances is normally relevant and admissible, as an indication of what the community regards as proper, and a composite judgment as to the risks of the situation and the precautions required to meet them." W. Prosser, *The Law of Torts* § 33, at 166 (4th ed. 1971).

We believe the excluded evidence should, accordingly, have been admitted. It, together with the other evidence, would have

Leggett v. Thomas & Howard Co., Inc.

permitted a jury to find that defendant's floor was slick or slippery when wet; that defendant knew, or in the exercise of reasonable care should have known, that the floor was likely to become wet, and thus slick or slippery, on rainy days; that had defendant conformed to custom or usage in the community with regard to such floors, he would, in the exercise of ordinary care, have taken precautions against the floor becoming or remaining wet; that plaintiff slipped, fell, and was injured on defendant's floor on a rainy day at a time when the store had been open to customers for three hours or more; and that defendant's complete failure to take any precautions whatever with regard to the floor during that extended period of time was the proximate cause of plaintiff's fall and injuries. With the improperly excluded testimony in evidence, then, the case should have been allowed to go to the jury.

This is clearly "a borderline case." *See Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 234 (1962). This Court has noted that "[i]n 'borderline cases' such as this, juries, if allowed, will often terminate the proceedings with a verdict for defendants, thereby averting unnecessary and undesirable consumption of time by both the trial court and this Court." *Cunningham v. Brown*, 62 N.C. App. 239, 244, 302 S.E. 2d 822, 826, *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 754 (1983). In such cases it is thus

> the better practice . . . for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial.

*Manganello, supra,* 291 N.C. at 670, 231 S.E. 2d at 680.

For the reasons set forth above, the judgment directing a verdict for defendant is reversed, and the case is remanded for a new trial in accordance with this opinion.

Reversed and remanded.

Judges HEDRICK and JOHNSON concur.