ROBERT KENNON BRIGGS, ADMINISTRATOR OF THE ESTATE OF DORRITT BRIGGS CANNADA, DECEASED v. JOHN ROBERT MORGAN AND CHAPEL HILL, NORTH CAROLINA

No. 8315SC938

(Filed 21 August 1984)

1. **Automobiles § 61— pedestrian struck by backing truck—absence of back-up bell as negligence—sufficiency of complaint**

   Where plaintiff contended that defendants were negligent in failing to maintain a functional back-up bell on their garbage truck which ran over plaintiff's decedent, there was no merit to defendants' contention that the complaint gave them no notice of an allegation of negligence in regard to the back-up bell and that such evidence should be excluded.

2. **Automobiles § 61; Customs and Usages § 1— back-up bell on garbage truck—industry custom and voluntary practice—evidence improperly excluded**

   In a wrongful death action where plaintiff alleged that defendants were negligent in failing to maintain a functional back-up bell on their garbage truck which ran over plaintiff's decedent, the trial court erred in granting defendants' motion in limine to exclude all evidence of industry custom and the defendant town's own voluntary safety practices with respect to back-up bells, since plaintiff was entitled to a jury determination of what the degree of care required of a reasonable person would be in these circumstances; the excluded evidence was relevant and admissible to show this standard of care; and deviation from the customary practice would be evidence of negligence to be used by the jury in determining the degree of care required.

APPEAL by plaintiff from *Barnette, Judge.* Order entered 5 May 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 5 June 1984.

This action arises from an automobile accident in which plaintiff's intestate, Dorritt Briggs Cannada, was killed. The fatal injury occurred when the decedent was struck and crushed by a garbage truck owned by defendant Chapel Hill, North Carolina (hereinafter defendant Chapel Hill) and operated by defendant John Robert Morgan. Robert Kennon Briggs, brother of the decedent and administrator of the Estate of Dorritt Briggs Cannada, instituted this action for wrongful death. The trial court granted defendant's Motion in Limine to exclude all evidence of defendant Chapel Hill's failure to maintain a warning device or "back-up bell" on the garbage truck. A jury found that defendants were not negligent in the operation of the garbage truck; the jury did not reach the issues of contributory negligence on damages. Judg-

ment was entered on the verdict. From the verdict and judgment plaintiff appeals.

*Arthur Vann and H. Wood Vann, for plaintiff appellant.*

*Spears, Barnes, Baker and Hoof, by Alexander H. Barnes and Craig Brown, for defendant appellee.*

JOHNSON, Judge.

This is an action for the wrongful death of Dorritt Briggs Cannada. The issue presented for review is whether the trial court erred in excluding plaintiff's evidence of the custom of other garbage collectors and of the voluntary practice of defendant regarding the use of a warning device or "back-up bell" on garbage collection trucks. Plaintiff contended that defendants were negligent in failing to maintain a functional back-up bell on the garbage truck that ran over the plaintiff's decedent and sought to introduce evidence of the industry custom and the defendant's own voluntary safety practices to establish defendant's negligence in this instance. Defendants filed a Motion in Limine to exclude the evidence, contending that the complaint gave them no notice of an allegation of negligence in regard to the back-up bell and that the evidence was "irrelevant, immaterial and highly prejudicial" because they are not required by law to maintain a back-up bell on the garbage truck. The trial judge granted defendant's Motion in Limine without discussion. For the reasons set forth below, we hold that the exclusion of plaintiff's proofs constituted prejudicial error.

Undisputed evidence established that on the morning of 13 July 1981, defendant Morgan was operating a garbage truck owned and maintained by defendant Chapel Hill. On that morning defendant Morgan, an employee of defendant Chapel Hill, was acting within the scope of his employment. At approximately 5:30 a.m., defendant Morgan stopped in the driveway of the Happy Store, which is located on the east side of South Columbia Street in Chapel Hill, to collect a load of garbage. As he backed out of the driveway, onto South Columbia Street, the truck struck and crushed a pedestrian, Dorritt Briggs Cannada, who died immediately as a result of her injuries. Testimony was contradictory as to whether the decedent was struck while on the sidewalk or on the street.

Defendant Morgan testified that before proceeding in reverse, he looked carefully, both left and right, and saw no cars or pedestrians approaching; that while he backed out of the Happy Store driveway he continually looked in the truck's side mirrors; and that these side mirrors reflected areas to the left and right of the rear of the garbage truck, but the driver could not see directly behind the garbage truck through any mirrors or windows. Defendant Morgan did recall feeling a slight bump as he backed out of the Happy Store driveway, but at that time he was unaware that the garbage truck had struck or crushed a pedestrian.

Pictures of the truck, and testimony by defendant and eyewitnesses, indicated that the garbage truck had approximately fifteen lights shining in the rear of the truck at the time of the accident. Witnesses testified that as the garbage truck moves in reverse it makes a moderately loud noise.

Plaintiff attempted to introduce into evidence testimony of the manager of the Happy Store. The manager, "a student of [the University of North Carolina at] Chapel Hill, [of] at least normal intelligence," testified that he observed the garbage truck backing out of the Happy Store driveway at an excessive speed. His testimony as to the speed of the truck was withheld from the jury over plaintiff's objections.

The trial judge denied a Motion in Limine by plaintiff to exclude evidence of plaintiff's alleged habit of jaywalking. One witness testified to seeing the decedent walking on the east sidewalk along South Columbia Street, the side on which the Happy Store is located, just before the accident. Other witnesses testified to the decedent's whereabouts before she reached South Columbia Street. No witness testified to seeing the decedent walk from the west sidewalk, diagonally into the street or into the Happy Store driveway on that morning, although three public safety officers of Chapel Hill testified that, on previous occasions, they had repeatedly observed the plaintiff jaywalking across South Columbia Street from the west sidewalk into the Happy Store driveway on the east side of the street. However, the most recent of these observations were made several months before the accident; none of these public safety officers saw the decedent on the morning of the accident.

The trial judge instructed the jury on three issues:

(1) Was the plaintiff's intestate injured and killed by the negligence of defendants?

(2) Did the deceased, by her own negligence, contribute to her injury and death?

(3) What amount of damages, if any, is the plaintiff entitled to recover?

The jury found that the decedent was not injured and killed by defendant's negligence and therefore did not reach the issues of contributory negligence and damages. Judgment was entered on the verdict on 5 May 1983.

[1] At the outset, we note that defendants did have sufficient notice of an allegation of negligence by plaintiff with regard to the back-up bell. Defendants contend that the complaint contained only factual allegations and failed to allege that the lack of a back-up bell was negligence and the proximate cause of the accident. Plaintiff's complaint alleged in pertinent part:

10. That [the garbage truck] owned by Chapel Hill, North Carolina was not equipped with a warning device which was suppose [sic] to indicate to others that the truck was in reverse motion. That further the plaintiff believes that said truck had been equipped with such a device, but [it] was defective on July 13, 1981 and as a matter of fact the warning device had been removed from the vehicle.

It is elementary that evidence not supported by factual allegations is properly excluded by the trial court. *See, e.g., Terrell v. Insurance Co.*, 269 N.C. 259, 152 S.E. 2d 196 (1967). However, under the "notice theory of pleadings" adopted by this jurisdiction, a pleading is adequate if it gives sufficient notice of the events and transactions which produced the claim, and enables the adverse party to: (1) understand the nature of the claim and the basis for it; (2) file a responsive pleading; and (3) get any additional information necessary to prepare for trial by using the rules for obtaining pretrial discovery. *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E. 2d 161, 167 (1970). *But see Renwick v. News and Observer and Renwick v. Greensboro News*, 310 N.C. 312, 312 S.E. 2d 405 (1984) (complaint alleging libel *per se* not sufficient to

give notice of a claim based upon a publication capable of two meanings, one defamatory and the other not). The fact that defendants filed a Motion in Limine to exclude any evidence or argument regarding the back-up bell indicates that defendants had sufficient notice that the nature and basis of the claim was that they had been negligent in failing to maintain the back-up bell. The information in the Motion in Limine indicates that defendants had sufficient information with which to file a responsive pleading and begin pretrial discovery. We find that defendants had sufficient notice of the allegation of negligence to prevent exclusion of the evidence regarding the back-up bell.

[2]   We turn next to plaintiff's contention regarding the admissibility of evidence of customary practice and voluntary policies of installing warning devices on garbage trucks.

Evidence of the usual and customary conduct of others in the community, under similar circumstances, is normally relevant and admissible as an indication of what the community regards as proper, and as a composite judgment as to the risks of the situation and the precaution required to meet the risks. Prosser, *The Law of Torts*, § 33, p. 166 (4th ed. 1971). As a general rule, that an activity is done without the customary precaution is evidence to be considered in determining negligence, although deviation from custom is not conclusive in itself. *Id.* at 168.

In *Leggett v. Thomas & Howard Co., Inc.*, 68 N.C. App. 710, 315 S.E. 2d 550 (1984), the plaintiff slipped, fell and fractured her hip while in the defendant's store. This Court held that the trial court erred in excluding evidence that similarly situated store operators in the area take certain precautions, which the defendant had failed to take, to avoid such accidents. In *Flying Service v. Thomas*, 27 N.C. App. 107, 218 S.E. 2d 203 (1975), the plaintiff introduced evidence as to the customary procedure for landing a given type of airplane at a certain airfield. This Court noted that although evidence of custom, general practice or optimum procedure is not conclusive as to the standard of reasonable care, deviation from such customary practices "is evidence of negligence to be used by the jury in determining what the ordinary degree of care required of a reasonable person would be in the same circumstances." *Id.* at 112, 218 S.E. 2d at 206. In each of

these cases, the court held that evidence of custom should be considered by the jury.

In the case *sub judice*, plaintiff was prevented from introducing any evidence as to whether it is customary for similarly situated garbage collectors in the community to maintain back-up bells on garbage trucks. We find that plaintiff was entitled to a jury determination of what the degree of care required of a reasonable person would be in these circumstances.

In addition, the evidence of defendant's own voluntarily adopted safety procedures was improperly excluded. The Director of Public Works for the Town of Chapel Hill testified, in the judge's chambers, that back-up bells were voluntarily installed on all city-owned garbage trucks; that Chapel Hill had a "policy" to install back-up bells on the garbage trucks; that the purpose of this policy or requirement was to alert pedestrians, for their safety, that the trucks were in reverse; and that at the time of the accident the back-up bell had been removed from the garbage truck in question for repair.

Defendant cites the general proposition that voluntary safety codes or policies, which have not been given compulsory force by the legislature, whether issued by government agencies on voluntary safety councils, are not admissible in evidence. *Sloan v. Light Co.*, 248 N.C. 125, 102 S.E. 2d 822 (1958); *Swaney v. Steel Co.*, 259 N.C. 531, 131 S.E. 2d 601 (1963). This same contention was raised in *Slade v. Board of Education*, 10 N.C. App. 287, 178 S.E. 2d 316, *cert. denied*, 278 N.C. 104, 179 S.E. 2d 453 (1971). In that case the defendant had voluntarily adopted certain safety policies and procedures, published in a handbook for bus drivers, to insure the safety of children riding in school buses. The court admitted the handbook into evidence, holding, *inter alia*:

> [W]here it appears that defendant has voluntarily adopted the rules or safety standards as a guide for the protection of the public, they are admissible as some evidence that a reasonably prudent person would adhere to their requirements. . . . The book obviously set forth the rules and standards of conduct which defendant instructed its drivers to follow in order to protect passengers and the public. They are defendant's rules and standards. It is universally held that a defend-

ant may not complain about the introduction in evidence of its own relevant rules of conduct. (Citations omitted.)

*Id.* at 296, 178 S.E. 2d at 322. We find no principled distinction between a handbook containing safety rules and testimony by the Director of Public Works outlining the town's rules and policies for pedestrian safety. Therefore, this evidence was improperly excluded.

Plaintiff contends that evidence of the decedent's alleged habit of jaywalking was improperly admitted. This issue involves the allegation of contributory negligence, which the jury never reached. Therefore, it is not properly on appeal. Furthermore, because we find reversible error in the exclusion of evidence of the back-up bell, which requires that we remand for a new trial, we need not reach other issues plaintiff raises in his assignments of error.

The judgment below is reversed and remanded for a new trial in accordance with this opinion.

Reversed and remanded.

Judges WEBB and PHILLIPS concur.