ASHEVILLE MALL, INC. v. F. W. WOOLWORTH COMPANY

No. 8628SC700

(Filed 16 December 1986)

Evidence § 22— testimony at former trial—conflict of interest—witness not un-
available—harmless error

The trial court erred in ruling that an attorney was "unavailable" and in admitting the attorney's testimony given at a previous trial on the ground that the attorney's testimony at the second trial would create a conflict of interest because his firm had been retained by plaintiff subsequent to the first trial, since the assertion of a conflict of interest does not constitute a privilege under N.C.G.S. § 8C-1, Rule 804(a)(1). However, any possible prejudice to plaintiff from the attorney's testimony that a lease between the parties was unambiguous was cured by the trial judge's charge to the jury in which he stated that the lease was in fact ambiguous.

APPEAL by plaintiff from *Ferrell, Judge*. Judgment entered 3 March 1986 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 29 October 1986.

Plaintiff brought this action seeking to enjoin defendant-lessee from altering the north wall of the leased premises. Defendant alleged that under the terms of the lease, alterations of

the north wall are permitted. Plaintiff alleged that the wall is not part of the demised premises and that defendant has no right to make alterations.

The first trial in this case resulted in a judgment for defendant. On appeal, however, this Court held that the lease was ambiguous and ordered a new trial in which parol testimony concerning the parties' negotiations could be admitted.

At the second trial, plaintiff and defendant presented witnesses who testified as to the intended meaning of the terms of the lease. Defendant also presented the prior trial testimony of Gwynn Radeker, a real estate attorney, who, due to a perceived conflict of interest, was reluctant to testify at the second trial.

At the conclusion of the evidence, the jury determined that the north wall was in fact leased to defendant. From the judgment for defendant, plaintiff appeals.

*Riddle, Kelly & Cagle, by E. Glenn Kelly, for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, by Larry McDevitt and Michelle Rippon, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that "the trial court erred in ruling that the defendant's expert witness, attorney Gwynn Radeker, was 'unavailable' and in admitting into evidence the witness Radeker's testimony given at the first trial of this action." We agree that the trial court erred in ruling that Radeker was unavailable and in admitting his testimony, but we find that plaintiff was not prejudiced by the admission of this testimony.

Under Rule 804 of the North Carolina Rules of Evidence, the exception to the rule against hearsay for former testimony requires that the declarant be unavailable. Unavailability includes situations where the court exempts the declarant from testifying on grounds of privilege. G.S. 8C-1, Rule 804(a)(1).

Because Radeker's law firm had been retained by plaintiff subsequent to the first trial, the trial judge, over plaintiff's objection, concluded that Radeker's testimony at the second trial would create a conflict of interest and require Radeker to violate

Asheville Mall, Inc. v. Woolworth Co.

the code of ethics of an attorney. On the basis of this conclusion, the trial judge found Radeker to be an unavailable witness under 804(a)(1) and admitted his testimony from the first trial.

We hold that the assertion of the conflict of interest in this case is not a privilege under Rule 804(a)(1). The trial court erred in finding Radeker to be unavailable and in admitting his testimony from the first trial.

Plaintiff asserts that the admission of Radeker's prior trial testimony was prejudicial because he testified that the lease was not ambiguous. Plaintiff argues that it was prejudiced by the testimony because this Court subsequently held that the lease was ambiguous in *Asheville Mall, Inc. v. F. W. Woolworth Co.*, 76 N.C. App. 130, 331 S.E. 2d 772 (1985).

We find that any possible prejudice to plaintiff was cured by the trial judge's charge to the jury in which he stated that the lease agreement was in fact ambiguous.

Plaintiff also argues that it was prejudiced because Radeker's testimony at the first trial was based on an expurgated version of the lease rather than the original lease. After reviewing the record and accompanying exhibits, we find no prejudicial error in the admission of Radeker's prior trial testimony.

Therefore, even though it was error for the trial court to admit Radeker's testimony, the error was harmless and resulted in no prejudice to plaintiff.

Moreover, we are not persuaded by plaintiff's contention that the trial court erred in denying plaintiff the right to cross-examine Radeker. Plaintiff was not denied its right of cross-examination. The cross-examination portion of Radeker's testimony was admitted into evidence. Therefore, plaintiff's argument that it was deprived of the right to cross-examine Radeker is without merit.

Plaintiff also contends that the trial court erred in striking certain testimony of plaintiff's witness, R. L. Coleman.

The exclusion of testimony is not prejudicial when the same witness has testified to facts with substantially the same meaning. *See Terrell v. Life Ins. Co. of Va.*, 269 N.C. 259, 152 S.E. 2d 196 (1967).

Assuming *arguendo* that it was error for the trial court to strike the testimony, we find said error to be harmless inasmuch as substantially the same information was placed before the jury by Coleman's further testimony.

We have examined plaintiff's remaining assignments of error and find them to be without merit.

No error.

Judges JOHNSON and EAGLES concur.